Andrea Mazingo, SBN 300824
**Lumen Law Center, P.C.**
8605 Santa Monica Blvd PMB 832031
West Hollywood, CA 90069
Telephone:(310) 269-6739
Email:andi@lumenlawcenter.com

Barbara E. Cowan, SBN 251942
**Workplace Advocates, P.C.**
9431 Haven Avenue, Suite 100
Rancho Cucamonga, CA 91730
Telephone:(909) 983-4102
Email:brandi@wpa.law

Rebecca Houlding (*pro hac vice* pending)
**Houlding Law PC**
431 Classon Avenue, Suite 1B
Brooklyn, NY 11238
Telephone: (646) 561-9119
Facsimile: (800) 345-4784
Email: rebecca@houldinglaw.com

**Attorneys for Plaintiffs**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION



Does 1 through 26

Plaintiffs,

v.

Case No. _____

**DECLARATION OF** Doe 23 Doe 23 **IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

*[Filed concurrently with Plaintiffs' Notice of Motion and Motion for Preliminary Injunction; Memorandum of Points and Authorities; and additional supporting declarations]*

Doc ID: cb3edce618180de516404e21c60a6e874978c1fd

META PLATFORMS, INC.,

Defendant.

I Doe 23 ████████████████████, declare as follows:

1.  I am over the age of eighteen and a resident of California. I have personal knowledge of the matters stated in this declaration, except as to those matters stated on information and belief, and as to those matters I believe them to be true. If called as a witness, I could and would testify competently to the matters set forth below.

2.  I submit this declaration in support of Plaintiffs' Motion for a Preliminary Injunction. I am one of the Meta employees who was selected for termination in Meta's May 2026 reduction in force. I had been on approved ██████ leave ███████████████████████████ ███████ and I had returned to work ████████████████████████████ two days before I was notified of my selection for termination.

3.  I began my employment with Meta Platforms, Inc. ("Meta") on ██████████ as a ██████ ██████████████████ I physically worked from Meta's offices ████████████ California. For my first year, I worked on the ████████████ team within Meta's ████████ organization. On approximately May 22, 2025, I moved to the ████████ ██████ team, where I remained through my selection for termination.

4.  In my role, I ████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████

Doc ID: cb3edce618180de516404e21c60a6e874978c1fd

5. When I joined the ███████████ team in May 2025, my manager was ████████. While I was on the ██████ leave described below, my team was reorganized and my reporting line changed; by the time of the reduction in force, my manager was ████████████ and my skip-level manager was ████████████.

6. My performance at Meta was strong. I received a rating of "Exceeds Expectations" for year-end 2024 and a rating of "At or Above Expectations" at mid-year 2025. I was never placed on a performance improvement plan, a coaching plan, or a written warning, and I was never the subject of any disciplinary action. Before I went on ██████ leave, no concern about my performance had been raised with me or documented.

7. Beginning in approximately mid-2025, I experienced ██████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████

8. In late October 2025, before applying for leave, I informed my manager, ████████, and my skip-level manager that I was experiencing ████████████ and that I intended to apply for ██████ leave. Both were supportive at that time and were aware of ████████ ████████ and need for leave before my formal leave process began. On approximately October 30, 2025, I submitted my application for ████████████ leave and ████████ ████████ through Meta's leave administrator, Lincoln Financial.

9. ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████

---

DECLARATION OF Doe 23 ████████████ ISO MOTION FOR PRELIMINARY INJUNCTION                    Page 3



10. While I was on leave, in approximately late February or early March 2026, I received my year-end 2025 performance review, with a rating of "Meets Most" expectations. This was the first time in my employment that I had received such a rating, and it followed my "Exceeds Expectations" and "At or Above Expectations" ratings in the prior cycles. The rating was authored while I was on ███████ leave, by a manager who had not supervised my day-to-day work, and the feedback associated with it referenced my efficiency during a period that overlapped with the onset of my ███████████████████ leave. No formal concerns about my performance had been raised with me before my leave.

11. In connection with my return to work, I requested ██████████████████████ ████████████████████ On approximately May 13, 2026, Meta and Lincoln Financial approved ████████████████████████████████████ ████████████████████████████████████████████████

12. I returned to work under that approved ███████████ on May 18, 2026. Two days later, on May 20, 2026, I was notified that I had been selected for termination in Meta's May 2026 reduction in force. I was informed that my employment is scheduled to end on July 22, 2026.

13. On my immediate team under my manager, which had approximately ███ people, on information and belief, ███ employees were selected for termination in the May 2026

reduction in force, including me. To my knowledge, my manager and the remaining members of the team were retained.

14. During my employment, Meta announced and deployed activity-monitoring software on its systems, which I understand captured activity including keystrokes, screen content, browsing, messaging, and email.

15. I was offered a severance and release agreement in connection with my termination. I have not signed it or any release of my claims.

16. My compensation at Meta included a substantial equity component in the form of restricted stock units ("RSUs"). My initial new-hire equity grant was valued at approximately ████████████████████ and I later received additional refresher grants. I hold unvested RSUs that I will forfeit if my employment is terminated, including a vesting event scheduled for August 15, 2026—after my scheduled separation date.

17. I and my family rely on the health insurance provided through my employment at Meta, and my active coverage will end when my employment terminates. Meta has offered to pay the premiums for continued coverage through COBRA for a period of time, but I understand that premium subsidy to be conditioned on my signing a separation agreement and release, which would require me to release my claims, including the claims at issue in this case. Without signing that release, I would be responsible for the full cost of any COBRA continuation coverage myself, and after any subsidized period ends, I would be responsible for the full cost in any event. Continued coverage is especially important to me because ████████████████████████████████████

Doc ID: cb3edce618180de516404e21c60a6e874978c1fd

18. Being selected for termination two days after I returned to work ███████████ ████████████████████████████████████████████████████████ ████████ has been a significant source of stress ███████████████████ ████████████

19. I make this declaration in support of Plaintiffs' request that the Court preserve the status quo and enjoin the finalization of the May 2026 reduction in force pending an independent audit, or, in the alternative, enjoin Meta from separating employees who took protected leave or ██████████████████ pending such audit. If I am separated before that review can occur, I will lose my employer-sponsored health coverage ████████ ██████████████ my unvested equity, and the right to remain employed in the position to which I had returned ██████████████ none of which I believe a later award of money damages could fully restore.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on __07/01/2026__, 2026, at ██████████████ California.

Doe 23

Doe 23

---