Andrea Mazingo, SBN 300824
LUMEN LAW CENTER, P.C.
8605 Santa Monica Blvd PMB 832031
West Hollywood, CA 90069
Telephone: (310) 269-6739
Email: andi@lumenlawcenter.com

Barbara E. Cowan, SBN 251942
WORKPLACE ADVOCATES, P.C.
9431 Haven Avenue, Suite 100
Rancho Cucamonga, CA 91730
Telephone: (909) 983-4102
Email: brandi@wpa.law

Rebecca Houlding (pro hac vice pending)
HOULDING LAW PC
431 Classon Avenue, Suite 1B
Brooklyn, NY 11238
Telephone: (646) 561-9119
Email: rebecca@houldinglaw.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| DOES 1 THROUGH 26,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:26-cv-07122-WHO<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PREVIOUSLY FILED DECLARATIONS OF DOES 1 THROUGH 12 AND DOE 18**<br><br>*[Civil L.R. 7-11, 79-5]*<br><br>*Filed concurrently with: Declaration of Barbara E. Cowan; [Proposed] Order*<br><br>Judge: Hon. William H. Orrick |

**<u>NOTICE OF ADMINISTRATIVE MOTION AND ADMINISTRATIVE MOTION TO SEAL</u>**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Civil Local Rules 7-11 and 79-5, Plaintiffs Does 1 through 26 ("Plaintiffs") respectfully move the Court for an order sealing the previously filed declarations of Does 1 through 12 and Doe 18 submitted in support of Plaintiffs' Application for a Temporary Restraining Order and Motion for Preliminary Injunction, together with the document metadata embedded in those filings.  As set forth below and in the accompanying Declaration of Barbara E. Cowan, the declarations, and in particular the metadata embedded in the electronically filed PDF files, disclose the true identities of the anonymous Plaintiffs and contain private medical, protected-leave, and third-party personal information that is entitled to protection from public disclosure.

Because sealing may be sought by administrative motion and is decided without a hearing, Plaintiffs do not notice this motion for hearing.  See Civil L.R. 7-11, 79-5.  Plaintiffs request that the Court direct the Clerk to seal or restrict public access to the affected docket entries and permit Plaintiffs to file replacement declarations from which the identifying metadata has been removed.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Plaintiffs are twenty-six current and former Meta employees who have been permitted, or have moved for leave, to proceed under pseudonyms because their claims turn on private medical conditions, disabilities, and statutorily protected leaves, and because they reasonably fear retaliation.  In support of their Application for a Temporary Restraining Order and related Motion for Preliminary Injunction, Plaintiffs filed sworn declarations from a number of the individual Plaintiffs.  After filing, counsel discovered that the electronically filed PDF versions of the declarations of Does 1 through 12 and Doe 18 contain embedded document metadata, and in some instances document properties and author information, that identify the declarants by their true names.  That metadata is not visible on the face of the documents but can be extracted from the

filed PDF files, and it therefore threatens to undo the very anonymity the Court has been asked to preserve.

This is precisely the kind of narrow, well-supported request that Civil Local Rule 79-5 contemplates. The declarations disclose Plaintiffs' identities and their private medical and protected-leave information, as well as personal identifying information of third parties. Compelling reasons, and at minimum good cause, support sealing. The request is narrowly tailored, and no less restrictive alternative will cure the disclosure, because the identifying information is embedded in the files that are already on the public docket. Plaintiffs respectfully request that the Court seal the affected entries and permit Plaintiffs to substitute metadata-scrubbed replacement declarations.

## II.     RELEVANT BACKGROUND

Plaintiffs filed their Complaint together with an Application for a Temporary Restraining Order, a Motion for Preliminary Injunction, and supporting declarations and exhibits. Plaintiffs are proceeding by pseudonym and have separately sought the Court's protection of their anonymity. Plaintiffs previously filed an Administrative Motion to Seal certain materials, which remains pending before the Court. [Dkt. No. 4.]

Among the supporting materials were the declarations of Does 1 through 12 and Doe 18. [Dkt. Nos. 3-1 through 3-12 and 3-18]. After those declarations were filed, counsel for Plaintiffs discovered that the PDF files as filed contain embedded metadata, including document author and property fields, that reveal the declarants' true names. Counsel promptly prepared this motion upon discovering the issue. The relevant facts are set forth in the accompanying Declaration of Barbara E. Cowan.

## III.    LEGAL STANDARD

The public has a common-law right of access to judicial records, but that right is not absolute. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal a judicial record attached to a motion that is more than tangentially related to the merits must show "compelling reasons" that outweigh the public's interest in access; a party seeking to seal records tied to a non-dispositive motion need only show "good cause." *Id.* at 1179–

80; Ctr. for *Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–99 (9th Cir. 2016). Compelling reasons exist where court records might become a vehicle for improper purposes, including the release of private or sensitive information. *Kamakana*, 447 F.3d at 1179.

Courts routinely find compelling reasons to seal personal identifying information, private medical information, and the identities of parties proceeding anonymously, and the Ninth Circuit permits parties to litigate under pseudonyms where the need for anonymity outweighs any prejudice and the public's interest in knowing the parties' identities. See *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068–69 (9th Cir. 2000). Under Civil Local Rule 79-5(c), a motion to seal must be accompanied by a specific statement of the applicable legal standard and the reasons for sealing, including an explanation of the legitimate private or public interests that warrant sealing, the injury that will result if sealing is denied, and why a less restrictive alternative is not sufficient, together with a proposed order narrowly tailored to seal only the sealable material.

## IV.    ARGUMENT

### A.    Compelling Reasons, and at Minimum Good Cause, Support Sealing.

The declarations of Does 1 through 12 and Doe 18, and the metadata embedded in the filed PDF files, warrant sealing for three independent and legitimate reasons. First, the metadata discloses the declarants' true identities. Plaintiffs are proceeding by pseudonym precisely because public identification would expose them to the retaliation and privacy harms recognized in Advanced Textile. Disclosure of their identities would defeat the Court's anonymity protections and cause the very injury that pseudonymity is meant to prevent. Second, the declarations describe Plaintiffs' private medical conditions, disabilities, and statutorily protected medical and family leaves. Courts consistently recognize compelling reasons to seal such sensitive medical information. Third, the materials contain personal identifying information of third parties, including non-party coworkers, who have no involvement in this litigation and whose privacy interests warrant protection.

Because the declarations were submitted in support of Plaintiffs' Application for a Temporary Restraining Order and Motion for Preliminary Injunction, the compelling-reasons standard likely applies, and it is satisfied here. To the extent the Court concludes that the good-

cause standard governs any portion of the request, that lesser standard is plainly met for the same reasons.

**B.      The Request Is Narrowly Tailored.**

The relief Plaintiffs seek is narrowly tailored to the sealable material.  The identifying information at issue is not confined to isolated passages; it is embedded in the metadata of the filed PDF files themselves and, as to the declarations' substance, is interwoven with the private medical and protected-leave facts that form the basis for each declaration.  Sealing the affected declarations, and permitting the filing of metadata-scrubbed replacements, seals only what is necessary to protect Plaintiffs' identities and their and third parties' private information, and no more.  The proposed order identifies each affected document in table format, as Rule 79-5 requires.

**C.      No Less Restrictive Alternative Is Sufficient.**

Ordinary redaction of the visible text of the declarations will not cure the disclosure, because the identifying information is embedded as metadata within the PDF files that are already on the public docket.  So long as the originally filed files remain publicly accessible, the declarants' identities can be extracted from them regardless of any redactions applied to the visible text.  The only effective remedy is to seal or restrict public access to the affected entries and to permit Plaintiffs to file replacement declarations from which the identifying metadata has been removed. Plaintiffs will promptly file such metadata-scrubbed replacements upon the Court's order.

**V.      CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Administrative Motion to Seal; direct the Clerk to seal or otherwise restrict public access to the previously filed declarations of Does 1 through 12 and Doe 18 identified in the accompanying proposed order, including the metadata embedded in those files; and permit Plaintiffs to file replacement declarations from which the identifying metadata has been removed.

Dated: July 13, 2026

Respectfully submitted,

By: /s/ Barbara E. Cowan
Barbara E. Cowan

*Attorneys for Plaintiffs*

## DECLARATION OF BARBARA E. COWAN

I, Barbara E. Cowan, declare as follows:

1.  I am an attorney licensed to practice law in the State of California and one of the counsel of record for Plaintiffs in this action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to them. I make this declaration in support of Plaintiffs' Administrative Motion to Seal the previously filed declarations of Does 1 through 12 and Doe 18.

2.  Plaintiffs are current and former Meta employees who are proceeding in this action under pseudonyms because their claims involve private medical conditions, disabilities, and statutorily protected leaves, and because they reasonably fear retaliation and other harm if their identities are publicly disclosed.

3.  In support of Plaintiffs' Application for a Temporary Restraining Order and Motion for Preliminary Injunction, Plaintiffs filed sworn declarations from individual Plaintiffs, including the declarations of Does 1 through 12 and Doe 18. [Dkt. Nos. 3, 3-1 through 3-12, and 3-18].

4.  After those declarations were filed, I discovered that the electronically filed PDF versions of the declarations of Does 1 through 12 and Doe 18 contain embedded document metadata, including document author and property fields, that identify the declarants by their true names. This metadata is not visible on the face of the documents as displayed, but it can be extracted from the filed PDF files.

5.  The declarations also describe the declarants' private medical conditions, disabilities, and protected medical and family leaves, and the declaration of Doe 18 additionally contains personal identifying information of a non-party.

6. If public access to the affected declarations is not restricted, the declarants' identities can be extracted from the metadata of the files that are currently on the public docket, which would defeat the Plaintiffs' anonymity and expose them to the very harms that pseudonymity is intended to prevent. Redacting the visible text of the declarations would not cure this disclosure, because the identifying information is embedded in the files themselves.

7. Upon the Court's order, Plaintiffs are prepared to promptly file replacement declarations from which the identifying metadata has been removed.

8. Plaintiffs previously filed an Administrative Motion to Seal, which remains pending before the Court. [Dkt. No.4.] This motion is limited to the separate metadata issue described above.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Signed this 13th day of July, 2026, at Rancho Cucamonga, California.

/s/ Barbara E. Cowan
Barbara E. Cowan