ERIN M. CONNELL (SBN 223355)
econnell@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 415 773 5700
Facsimile:      +1 415 773 5759

LAUREN M. GOLDSMITH (SBN 293269)
lgoldsmith@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Telephone:     +1 212 506 5000

DIXIE TAUBER (SBN 321692)
dtauber@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA  95814-4497
Telephone:     +1 916 329 7982
Attorneys for Defendant

META PLATFORMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOES 1 THROUGH 26,<br><br>                Plaintiffs,<br><br>    v.<br><br>META PLATFORMS, INC.,<br><br>             Defendant. | Case No. 3:26-CV-07122-WHO<br><br>**DEFENDANT META PLATFORMS, INC.'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND TO FILE UNDER SEAL PORTIONS OF DOCUMENTS CONTAINING MEDICAL, DISABILITY, PREGNANCY, AND IDENTIFYING INFORMATION** |

## I.    INTRODUCTION

Meta opposes Plaintiffs' Administrative Motion to Proceed Under Pseudonym and to File Under Seal Portions of Documents.[1] The presumption of openness in judicial proceedings is not a formality. FRCP10(a) and the Ninth Circuit make clear that anonymity is the exception, not the rule. Plaintiffs bear the burden of demonstrating that "special circumstances" justify the extraordinary relief of shielding their identities from the public. They have not met that burden.

Plaintiffs' claims are garden variety employment claims, not claims involving sexual assault victims, minors, or matters of national security—the paradigmatic cases in which courts permit pseudonyms. Plaintiffs' desire to avoid the ordinary consequences of pursuing claims in a public forum does not constitute "special circumstances." Moreover, Plaintiffs' request creates an unjustifiable asymmetry: Meta is publicly named and subjected to reputational consequences, while Plaintiffs seek to level accusations without any corresponding accountability. The public has a strong interest in knowing who is making allegations, and Meta has a right to a public defense.

Meta acknowledges that certain categories of information in the record—including medical documentation and psychiatric treatment details—warrant sealing under the compelling reasons standard. Meta does not oppose narrowly tailored sealing of that information. However, Plaintiffs' motion goes far beyond this, seeking to seal not only their identities, but also routine employment information that is directly relevant to the merits of their claims and is not remotely the type of sensitive personal information that warrants protection from public view.

## II.    RELEVANT LEGAL STANDARDS

### A.    Pseudonymous Litigation Under Rule 10(a)

FRCP10(a) requires that "[e]very pleading must state the names of all the parties." A party seeking to proceed anonymously bears the burden of demonstrating that "special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). In evaluating whether pseudonymous litigation is appropriate, courts consider each of the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the fears of the party

---

[1] Pursuant to Local Rule 7-11(a), administrative motions are limited to five pages. Plaintiffs' six-page motion exceeds the page limit, and the Court may disregard the content exceeding the page limits. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996).

seeking anonymity; (3) the party's vulnerability to retaliation; (4) whether the suit challenges governmental or private activity; (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and (6) whether the public's interest in the case would be best served by permitting anonymity. *Id.* at 1068.

### B.    Sealing Under the First Amendment and Common Law Right of Access

The public enjoys a "strong presumption in favor of access" to judicial records, grounded in both the First Amendment and the common law. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Plaintiffs must articulate "compelling reasons" that outweigh the public's right of access. *Id.* at 1178-79.

### III.    PLAINTIFFS CANNOT PROCEED UNDER PSEUDONYMS

### A.    Plaintiffs' Claimed Fears of Retaliation Are Nonsensical

Plaintiffs' only articulated basis that they face "harm," have reasonable "fears," or are vulnerable to retaliation that warrants filing pseudonymously is their purported concern of retaliation by Meta. Yet Plaintiffs concede Meta already knows who they are. Thus, pseudonymity does nothing to avoid "retaliation" by Meta, and their sole argument regarding factors (1), (2) and (3) above is nonsense. Additionally, as for Plaintiffs' assertion that Meta's counsel stated that Plaintiffs' severance offers would be withdrawn if Plaintiffs filed suit, that assertion is demonstrably false. On July 10, 2026, Meta confirmed in writing that "the original May 2026 severance offers will not be revoked upon any client's filing of a Motion for TRO/Preliminary Injunction." Decl. of Erin Connell ("Connell Decl."), ¶ 3, Ex. A. Accordingly, the premise of Plaintiffs' claimed fear of retaliation—that filing this action would cost them their severance—was unequivocally dispelled by Meta before this Motion was filed.

Additionally, to the extent Plaintiffs attempt to pivot and claim fear of retaliation by potential future employers, there is no good reason for such a sweeping presumption. If the mere *possibility* of retaliation by a future employer were sufficient, pseudonymity would be appropriate in virtually *every* employment dispute, which case law makes clear is not the case. *See Doe v. Bergstrom*, 315 F. App'x 656, 657, (9th Cir. 2009) (potential difficulties in finding employment do

not implicate standard to proceed anonymously). Indeed, if the Court accepts Plaintiffs' arguments, then all plaintiffs suing their employers and asserting garden variety employment claims would be entitled to proceed with pseudonyms, which of course is not the law.

**B.   Current Employment Status Does Not Establish Extraordinary Vulnerability**

Plaintiffs emphasize they are "current Meta employees," invoking *Advanced Textile*'s recognition that an employer "may exercise intense leverage" over current employees. 214 F.3d at 1073. This argument is misleading. Meta notified Plaintiffs on May 20, 2026 that they had been selected for termination. Their separations have already been determined. They are not employees who might face future adverse employment decisions as retaliation for filing suit—the decisions already have been made. In any event, as explained above, Meta already knows their identities because Plaintiffs' counsel voluntarily provided them to Meta. Thus, proceeding with pseudonyms does nothing to avoid any worry about "retaliation" by Meta.

Moreover, the *Advanced Textile* court found extraordinary vulnerability because the plaintiffs there were undocumented immigrants whose "very presence in this country" depended on their employer—they were facing deportation and imprisonment in China, not merely loss of their employment. *Id.* at 1071. Plaintiffs here are skilled professionals who work in an industry with abundant employment opportunities. They are not undocumented workers subject to deportation or confined to a single employer in a remote labor market. While Plaintiffs assert that some may have immigration-related dependencies on their continued Meta sponsorship, this conclusory assertion does not transform all 26 Plaintiffs into the paradigm of extraordinary vulnerability that *Advanced Textile* contemplated. And notably, whatever immigration consequences flow from Plaintiffs' separation were set in motion by Meta's May 20 notification, not by any act of public litigation. Additionally, and critically, in *Advanced Textile*, **the defendant employer *did not know* Plaintiffs' identities.** Plaintiffs ignore this material distinction entirely.

**C.   Anonymous Proceedings Prejudice Meta's Right to a Fair and Public Defense**

Plaintiffs contend that Meta suffers "no prejudice" because it already knows Plaintiffs' true identities. This argument fundamentally misapprehends the nature of the prejudice. The harm is not that Meta cannot identify its accusers—it is that Meta is forced to defend itself publicly while its

accusers remain shielded from the same public scrutiny. This asymmetry is itself a cognizable prejudice. When 26 individuals accuse Meta of systemic discrimination in a public lawsuit, which already has been widely covered by the media, Meta suffers immediate reputational consequences. Yet under Plaintiffs' proposal, Meta would be required to respond without being able to publicly identify the circumstances and individuals involved—creating a one-sided public narrative.

### D.  **The Public Interest Strongly Favors Open Proceedings**

Plaintiffs' use of pseudonyms is also contrary to public policy and established Ninth Circuit law, which strictly favors the public right to free access to accurate public information and filings. *See Advanced Textile*, 214 F. 3d at 1067 ("Plaintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings."). If Plaintiffs are allowed to hide behind pseudonyms when they are contrary to public policy and not supported by applicable law, it would encourage a wide swath of potential plaintiffs to file pseudonymously simply because they do not want the public or their peers to know about allegations they have chosen to bring against their employer. This would be contrary to public policy and the well-established presumption that the public should have free access to this information.

### IV.  **PLAINTIFFS' REQUEST TO SEAL IS OVERBROAD AND UNSUPPORTED**

While Meta does not oppose sealing genuinely sensitive personal information, Plaintiffs' motion extends far beyond anything remotely reasonable. Plaintiffs seek to seal job titles, team and organizational-unit names, office locations, job responsibilities, employment status (*e.g.*, full-time, contingent work), and employment dates. And, while Plaintiffs claim to seal only "limited portions" of their papers "that disclose medical, psychiatric, pregnancy, disability, and immigration details," in reality they have sealed all references to accommodations, having a disability, taking maternity or medical leave, being pregnant, or attending medical appointments. They seek to seal such generic information as "I had further discussions with my manager," "I recently gave birth," and I "submit[ed] mental-health therapy claims through my health-insurance portal."

This information is not "sensitive personal information" warranting sealing. Just the opposite. It is precisely the kind of information expected to be disclosed in employment litigation.

OPPOSITION TO PROCEED UNDER PSEUDONYM
AND FILE UNDER SEAL [3:26-CV-07122-WHO]

It is not intimate, stigmatized, or inherently private in the way that medical records are. No reasonable person would consider their job title or office location, or the fact that they had given birth or requested an accommodation, to be information requiring protection from public view. There is nothing about any of this information that rises to the level of "compelling reasons" required to overcome the presumption of public access. *See Watkins v. Concentra Health Servs., Inc.*, No. 24-CV-04452-VKD, 2026 WL 110958, at *2 (N.D. Cal. Jan. 14, 2026) ("[E]mployment discrimination cases frequently involve private information and may negatively affect the plaintiff's career prospects," yet this "does not arise to the special circumstances in which courts permit plaintiffs to proceed anonymous[ly].").

Plaintiffs' justification for sealing basic details of their employment with Meta is that such information "would identify a pseudonymous Plaintiff," and would defeat the pseudonym relief. But this is circular reasoning: it presupposes that pseudonym relief is warranted. Because Plaintiffs come nowhere close to justifying pseudonym relief, the derivative justification for sealing employment details collapses entirely.

Civil Local Rule 79-5 requires parties seeking to file documents under seal to "narrowly tailor" their requests and to demonstrate that each piece of information to be sealed satisfies the applicable standard. Plaintiffs' blanket request to seal all employment-identifying details and wide-ranging information regarding accommodations fails this requirement.

## V.  CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court:

1.  Deny Plaintiffs' motion for leave to proceed under pseudonyms and order Plaintiffs to re-file their motions and supporting documents using their true names within seven (7) days;

2.  Grant in part Plaintiffs' motion to file under seal, limited to the following categories of information: specific psychiatric and mental health treatment information, specific pregnancy and childbirth complication, and medical records, but deny the rest; and

3.  Order Plaintiffs to re-file their declarations using their real names and employment details, with the exception of the information described in (2) above.

OPPOSITION TO PROCEED UNDER PSEUDONYM
AND FILE UNDER SEAL [3:26-CV-07122-WHO]

Dated: July 15, 2026                    ORRICK, HERRINGTON & SUTCLIFFE LLP

By:_____
                    Erin M. Connell
             Attorneys for Meta Platforms, Inc.

OPPOSITION TO PROCEED UNDER PSEUDONYM
AND FILE UNDER SEAL [3:26-CV-07122-WHO]