ERIN M. CONNELL (SBN 223355)
econnell@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 415 773 5700
Facsimile:      +1 415 773 5759

LAUREN M. GOLDSMITH (SBN 293269)
lgoldsmith@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone:     +1 212 506-5000

DIXIE TAUBER (SBN 321692)
dtauber@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA  95814-4497
Telephone:     +1 916 329 7982

Attorneys for Defendant
META PLATFORMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOES 1 THROUGH 26,<br><br>                    Plaintiffs,<br><br>     v.<br><br>META PLATFORMS, INC.,<br><br>                    Defendant. | Case No. 3:26-CV-07122-WHO<br><br>**DECLARATION OF ERIN M. CONNELL IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND TO FILE UNDER SEAL PORTIONS OF DOCUMENTS CONTAINING MEDICAL, DISABILITY, PREGNANCY, AND IDENTIFYING INFORMATION** |

I, Erin M. Connell, declare as follows:

1. I am a partner at Orrick, Herrington & Sutcliffe LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in this action. I am admitted to practice before this Court. I make this declaration based on my personal knowledge and, if called as a witness, could and would competently testify to the matters stated herein.

2. On July 10, 2026 at 8:53 A.M., Plaintiffs' counsel contacted Meta's counsel asking for clarification regarding Meta's position on the initial May 2026 severance offers made to Plaintiffs and whether it was Meta's position that an individual's severance offer would be revoked if the individual filed a motion for a temporary restraining order or preliminary injunction.

3. Shortly thereafter, at 11:39 A.M., I responded confirming that Meta would not revoke any of the initial May 2026 severance offers upon any of the Plaintiffs filing a motion for temporary restraining order or preliminary injunction. I further clarified that only the expiration date listed in the individual severance offers controlled the expiration of the severance offer. A true and correct copy of the July 10, 2026 correspondence is attached hereto as **Exhibit A**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 15, 2026, at San Francisco, California.

_____
Erin M. Connell

1

DECLARATION OF ERIN M. CONNELL
[3:26-CV-07122-WHO]

# EXHIBIT A

| | |
|---|---|
| **From:** | Connell, Erin M. |
| **Sent:** | Friday, July 10, 2026 11:39 AM |
| **To:** | Rebecca Houlding; Andrea Mazingo; Goldsmith, Lauren M.; Tauber, Dixie |
| **Cc:** | brandi@wpa.law; Syl Ceja-Gonzalez; Sarai Bedoy; Connell, Erin M. |
| **Subject:** | RE: [CONFIDENTIAL] Doe 1 et al. v. Meta Platforms, Inc. - Clarification re Severance |

Hi Rebecca,

Meta confirmed that the original May 2026 severance offers will not be revoked upon any client's filing of a Motion for TRO/Preliminary Injunction – they expire on the date set forth in the offer itself. With that said, if someone signs the severance agreement releasing all claims after filing a Motion for TRO/Preliminary Injunction, we would expect that individual would not continue to pursue claims against Meta because they would have released them by signing the original severance agreement.

Thanks,
Erin

---

**From:** Rebecca Houlding <rebecca@houldinglaw.com>
**Sent:** Friday, July 10, 2026 8:53 AM
**To:** Connell, Erin M. <econnell@orrick.com>; Andrea Mazingo <andi@lumenlawcenter.com>; Goldsmith, Lauren M. <lgoldsmith@orrick.com>; Tauber, Dixie <dtauber@orrick.com>
**Cc:** brandi@wpa.law; Syl Ceja-Gonzalez <info@lumenlawcenter.com>; Sarai Bedoy <sarai@wpa.law>
**Subject:** Re: [CONFIDENTIAL] Doe 1 et al. v. Meta Platforms, Inc. - Clarification re Severance

**[EXTERNAL]**

Good morning, Erin -

Would you please clarify Meta's position as to the initial May 2026 severance offers and whether it is Meta's position that those [individual] severance offers are revoked upon any client's filing of the Motion for TRO/Preliminary Injunction, prior to the applicable WARN notice periods?

Thank you,

Rebecca

Houlding Law PC
rebecca@houldinglaw.com
www.houldinglaw.com
www.houldingadr.com
t: 646-561-9119
f: 800-345-4784