ERIN M. CONNELL (SBN 223355)
econnell@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

LAUREN M. GOLDSMITH (SBN 293269)
lgoldsmith@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Telephone:     +1 212 506 5000

DIXIE TAUBER (SBN 321692)
dtauber@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA  95814-4497
Telephone:     +1 916 329 7982
Attorneys for Defendant

META PLATFORMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOES 1 THROUGH 26,<br><br>    Plaintiffs,<br><br>  v.<br><br>META PLATFORMS, INC.,<br><br>    Defendant. | Case No. 3:26-CV-07122-WHO<br><br>**DEFENDANT META PLATFORMS, INC.'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATIONS OF DOE 16 AND DOE 18** |

Meta opposes Plaintiffs' Administrative Motion for Leave to File Supplemental Declarations of Doe 16 and Doe 18.

The Court should reject this procedural maneuver. At the July 14, 2026 hearing, Plaintiffs asked to file a reply. The Court very clearly said no, emphasizing Plaintiffs' filing was a TRO and they had their "one shot." Submitting additional evidence under the label of an "administrative motion" is an end-run around that ruling. And even if Plaintiffs were permitted to file a reply, new evidence on reply is improper. Plaintiffs cannot circumvent this rule by styling their submission as "supplemental declarations" offered "without additional argument."

On substance, Meta disputes both the veracity and interpretation of these materials. The documents do not say what Plaintiffs suggest, and the Court should not be burdened with additional filings it did not invite based on Plaintiffs' misleading characterizations. They certainly do not contradict the Doan Declaration, and in no way suggest Meta used AI to determine performance ratings.

Meta also notes the documents attached to one of the declarations purport to be Meta's confidential internal communications, the disclosure of which would violate the Confidential Information and Invention Assignment Agreement that the declarant signed. Meta made this clear when Plaintiffs sought Meta's position on this motion. Plaintiffs filed anyway.

Plaintiffs' claim that Meta will suffer "no prejudice" because Meta can respond on August 10 misses the point. Plaintiffs want the Court to consider this evidence now, in connection with the TRO, before Meta can respond. If the materials were truly intended for the preliminary injunction briefing, Plaintiffs could have waited—but they rushed to file the same day as the TRO hearing. The prejudice is that Plaintiffs seek to inject contested, one-sided evidence at the eleventh hour, depriving Meta of the chance to meaningfully respond before the Court rules. Meta also objects to any consideration of them in connection with the preliminary injunction briefing, as that briefing already has been submitted to the Court.

///

///

///

The Court should deny the motion and decline to consider the supplemental declarations in connection with the TRO or for any other purpose.

Dated: July 16, 2026                              ORRICK, HERRINGTON & SUTCLIFFE LLP

By:_____
                                                                        Erin M. Connell
                                                              Attorneys for Meta Platforms, Inc.

OPPOSITION TO MOTION FOR LEAVE TO
FILE SUPPLEMENTAL DECLARATIONS
3:26-CV-07122-WHO