Andrea Mazingo, SBN 300824
LUMEN LAW CENTER, P.C.
8605 Santa Monica Blvd PMB 832031
West Hollywood, CA 90069
Telephone: (310) 269-6739
Email: andi@lumenlawcenter.com

Barbara E. Cowan, SBN 251942
WORKPLACE ADVOCATES, P.C.
9431 Haven Avenue, Suite 100
Rancho Cucamonga, CA 91730
Telephone: (909) 983-4102
Email: brandi@wpa.law

Rebecca Houlding (admitted *pro hac vice*)
HOULDING LAW PC
431 Classon Avenue, Suite 1B
Brooklyn, NY 11238
Telephone: (646) 561-9119
Email: rebecca@houldinglaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOES 1 THROUGH 26,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:26-cv-07122-WHO<br><br>**SUPPLEMENTAL DECLARATION OF DOE 4 [redacted]) IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. William H. Orrick |

I [redacted] declare as follows:

1. I am over the age of eighteen and a resident of [redacted], California. I have personal knowledge of the matters stated in this declaration, except as to those matters stated on information and belief, and as to those matters I believe them to be true. If called as a witness, I could and would testify competently to the matters set forth below.

2. I previously submitted a declaration in support of Plaintiffs' Motion for a Preliminary Injunction, executed on June 30, 2026 (my "Prior Declaration"). The statements in my Prior Declaration remain true and correct. I submit this supplemental declaration in response to the Declaration of Linh Doan Pursuant to the Court's July 17, 2026 Order (the "Doan Declaration"), which I have reviewed, and in particular paragraphs 10 through 15 and 33 through 38. This declaration also draws on true and correct copies of my Meta performance reviews, which Meta produced to my counsel, which I have reviewed, and which are attached to this declaration as **Exhibits A through H** (Meta_Lumen_01897–01927).

3. **My reporting chain.** I worked in [redacted] organization from [redacted] until approximately [redacted], then in the [redacted] from approximately [redacted] until early [redacted] where my direct manager was [redacted]. In [redacted], I transferred, at my own request, to the [redacted] where [redacted], [redacted], became my manager. Approximately three weeks later, [redacted] left the team, and my skip-level manager [redacted], [redacted], became my direct manager. [redacted]'s manager is [redacted], [redacted], who reports to [redacted], [redacted]. On information and belief, based on the Doan Declaration's identification of the decision-maker for my decisional unit as "a VP, Analytics" (Doan Decl. ¶ 11), the decision-maker was [redacted].



Doc ID: ebe6b6491a88b219cb7f75da8a11ef4521867246

4. **My complete rating history.** My performance reviews, as produced by Meta, record the following ratings:

a. "Greatly Exceeded Expectations" for the second half of 2021 ([redacted], submitted February 23, 2022, **Exhibit A**, Meta_Lumen_01897);

b. "Greatly Exceeded Expectations" for 2022 ([redacted], submitted March 1, 2023, **Exhibit B**, Meta_Lumen_01911), the same cycle in which I was promoted;

c. "At or Above Expectations" at the 2023 mid-year ([redacted], submitted August 24, 2023, **Exhibit C**, Meta_Lumen_01900); "Exceeded Expectations" for 2023 ([redacted], submitted March 7, 2024, **Exhibit D**, Meta_Lumen_01916);

d. "At or Above Expectations" at the 2024 mid-year ([redacted], submitted August 7, 2024, **Exhibit E**, Meta_Lumen_01903);

e. "Exceeds Expectations" for 2024 ([redacted], submitted March 9, 2025, **Exhibit F**, Meta_Lumen_01920);

f. "At or Above Expectations" at the 2025 mid-year [redacted], submitted August 12, 2025, **Exhibit G**, Meta_Lumen_01907);

g. And "Consistently Met Expectations" for year-end 2025 ([redacted], submitted March 6, 2026, **Exhibit H**, Meta_Lumen_01924). As stated in my Prior Declaration ¶ 4, I was never placed on a performance improvement plan, never received a warning, and was never disciplined. The Doan Declaration references only the last of these ratings. Doan Decl. ¶ 13. Based on my experience at Meta, my understanding of the approximate company-wide distribution of ratings was: ratings below "Consistently Met Expectations," 10–20%; "Consistently Met Expectations," approximately 35%; "Exceeds Expectations," approximately 35%; "Greatly Exceeded Expectations," approximately 7%; and "Redefines Expectations," approximately 3%.



Doc ID: ebe6b6491a88b219cb7f75da8a11ef4521867246

My understanding of this distribution is based on my recollection of an internal Meta wiki page I reviewed during my employment; the percentages are approximate.

5. **What the reviews say.** In my first review, my manager wrote that my "peer feedback is exceptional and above and beyond." **Exhibit A**, Meta_Lumen_01897. My 2022 review—the cycle in which I was promoted—described me as "the sole [redacted]" who "made an enormous impact," as "extremely autonomous," and as having "extremely high" technical prowess. **Exhibit B**, Meta_Lumen_01911. My 2024 review credited me with uncovering and escalating product refusal issues "outside your immediate scope," leading to a VP's mandate for a fix and a "[redacted]," and closed: "I am very grateful to have you on the team. Thank you for all your hard work in 2024!" **Exhibit F**, Meta_Lumen_01920. The written rationale for my year-end 2025 rating—the single rating on which the Doan Declaration relies—states in full: "Your hard work and solid impact this year are greatly appreciated! Despite numerous challenges, you consistently delivered solid work, helping the team establish a strong measurement foundation. This is reflected in your CME rating." **Exhibit H**, Meta_Lumen_01924. Nothing in the written review identifies any failure to meet the expectations of my role or level; its impact section records, among other things, [redacted] **Exhibit H**, Meta_Lumen_01924–01926.

6. **AI in the review instrument itself.** The impact question on my year-end 2025 review form—the cycle that produced the rating Meta relies on—asked my manager: "What



Doc ID: ebe6b6491a88b219cb7f75da8a11ef4521867246

impact did [redacted] achieve in 2025? Include impact achieved, progress against business goals, and significant contributions to how we work at Meta, which includes *AI-driven impact*, smart risk-taking and effective teamwork." **Exhibit H**, Meta_Lumen_01924 (emphasis added). The corresponding question on my year-end 2024 review form asked instead about "contributions to efficiency initiatives, and building internal community," with no reference to AI. **Exhibit F**, Meta_Lumen_01920. The growth section of my year-end 2025 review also recommended that I invest in code efficiency, stating that "AI coding should mitigate this, speeding up turnarounds." **Exhibit H**, Meta_Lumen_01926.

7. **When my managers learned of my leave.** I first informed my then-manager, [redacted] of my [redacted] leave plans during an in-person one-on-one meeting in December 2025. [redacted] therefore knew of my parental leave plans before the year-end 2025 calibration period and before my rating was communicated to me in February 2026. My year-end 2025 review was submitted on March 6, 2026. **Exhibit H**, Meta_Lumen_01924. I shared my leave plans more broadly with my team and colleagues in early 2026, as stated in my Prior Declaration ¶ 5. After my transfer, I informed my new managers, [redacted] and [redacted] that I would be starting my [redacted] leave in [redacted]. I submitted my formal leave request through Meta's leave-administration process on March 11, 2026, and my leave began on [redacted]. No one ever told me that Meta applied any leave-related adjustment to the year-end 2025 cycle, and no one—no manager, HR business partner, or document—ever told me the lookback period for "historical performance" or how different periods were weighted.

8. **The transfer and the cohort.** I requested the transfer to [redacted] myself, because after two years in the [redacted] I remained interested in the [redacted] and wanted to return to an [redacted] team. Every performance rating in my history—including the year-end



Doc ID: ebe6b6491a88b219cb7f75da8a11ef4521867246

2025 rating the Doan Declaration cites—was earned on other teams, in other organizations, under other managers. When I was selected on May 20, 2026, I had been on the [redacted] team approximately ten weeks, most of which I spent preparing for and beginning my [redacted] leave.

9. [redacted]**'s March statement.** In March 2026, during a one-on-one video meeting with [redacted] at which no one else was present, [redacted] told me, in words or substance: "The first few months with a [redacted] are easy to manage. You don't need to spend all of your [redacted] leave. You should consider returning earlier." I did not take written notes at the time, but I described the conversation to my partner afterward. [redacted] was the [redacted] who became my direct manager and who, together with [redacted] directed the automation project described below.

10. **The pre-leave automation project.** The first project I was assigned after transferring to the [redacted] team, at the direction of [redacted] and [redacted] was to build an automated tool covering two areas of the team's work: reporting of [redacted] and [redacted]. I spent approximately one month on the project and [redacted] before going on leave. The goal was to generate these reports on a monthly cadence, and [redacted] encouraged me to complete the project before my leave began. I built the tool using Claude Code, which had read and write permissions for internal Meta systems, including the internal wiki, codebase, posts, and notes. Before my leave, I transitioned the tool to an [redacted] on the team and provided instructions for its use; I believe she currently owns and maintains it.

11. **Who absorbed my work.** My projects were transitioned to two employees on the [redacted] team: an [redacted] and the [redacted] described above (the employee I referenced in my Prior Declaration). Neither was selected in the

reduction in force. Because they continued the work I had started, I believe it is highly likely that they continued to use the automation tool I built.

12. **What I know about the cohort's size.** Approximately [redacted] people report to [redacted] of whom approximately [redacted] are [redacted]. My team is a sub-team within a broader unit that, to my recollection, includes more than [redacted] I do not know how Meta defined the "cohort" referenced in the Doan Declaration, which employees it included, or where its boundaries were drawn. The Doan Declaration states that 13 retained employees in my cohort were on leave or had taken leave within 24 months, Doan Decl. ¶ 14, but says nothing about the leave status of the 11 employees who were selected.

13. **The AI usage dashboard.** My Prior Declaration ¶ 10 describes internal dashboards, first appearing in approximately late 2025 and updated daily, that tracked the volume and cost of each employee's use of Meta's AI tools and compared employees against one another. To elaborate: the dashboard I used included filtering options, such as by organization and by job family, and tracked metrics including total token usage, number of sessions, and active usage days. It was organized into distinct sections, including one providing a high-level overview of AI usage trends and another that ranked individual employees by token usage, with sorting options to re-rank by other metrics, including sessions and active usage days. I believe the dashboard was accessible to employees across the company, and it was shared widely in internal groups. I first encountered it in December 2025, and I last accessed it shortly before my parental leave began on April 6, 2026. The Doan Declaration states that the "Model Capability Initiative" tool was not launched until April 22, 2026. Doan Decl. ¶ 35. The dashboard I have described existed, and I personally used it, no later than December 2025.

14. **The disclosure document.** I have double-checked my email. I never received—attached to my separation agreement, by separate email, or in any other way—a disclosure document describing a "decisional unit" or listing the job titles and ages of employees selected and retained in the reduction in force.

15. [redacted]

[redacted]

17. **My family.** My daughter, born in [redacted] 2026, is [redacted]. My partner is also employed in the United States [redacted] I have had to devote myself to an urgent job search in the weeks since my selection—during the first months of my daughter's life, while my partner has had to care for our newborn largely on her own.

18. **My job search.** I began searching for new employment promptly after my selection. In recruiter calls with several companies, I was rejected immediately upon disclosing that I would require [redacted].

19. **If I am forced to leave the United States.** Because my partner's employment and [redacted] are her own, she may need to remain in the United States if I am required to



Doc ID: ebe6b6491a88b219cb7f75da8a11ef4521867246

leave. Our family would then be separated, with one parent caring for our newborn alone while the other manages [redacted] relocation. [redacted]

20. Because my income has already ended, the costs of last-minute travel, relocation, temporary housing, and searching for work abroad would quickly draw down our family's savings. My partner cannot cover our mortgage and household expenses on one income alone; if I cannot secure new employment, we are at risk of losing our home. The combined effect [redacted] would deprive our daughter of the stability and support of both parents during the first months of her life.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 08/06 2026, at [redacted], California.

[redacted]

[redacted]



Doc ID: ebe6b6491a88b219cb7f75da8a11ef4521867246

[redacted]

# EXHIBIT A

2021 Second-Half Performance Review of Doe 4
(Meta_Lumen_01897)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit has been lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and has been served on Defendant. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

---

# EXHIBIT B

2022 Year-End Performance Review of Doe 4

(Meta_Lumen_01911)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit has been lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and has been served on Defendant. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

# EXHIBIT C

2023 Mid-Year Performance Review of Doe 4

(Meta_Lumen_01900)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit has been lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and has been served on Defendant. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Supplemental Declaration of Doe 4 in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

# EXHIBIT D

2023 Year-End Performance Review of Doe 4
(Meta_Lumen_01916)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit has been lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and has been served on Defendant. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Supplemental Declaration of Doe 4 in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

---

# EXHIBIT E

2024 Mid-Year Performance Review of Doe 4
(Meta_Lumen_01903)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit has been lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and has been served on Defendant. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

# EXHIBIT F

2024 Year-End Performance Review of Doe 4
(Meta_Lumen_01920)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit has been lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and has been served on Defendant. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Supplemental Declaration of Doe 4 in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

---

# EXHIBIT G

2025 Mid-Year Performance Review of Doe 4

(Meta_Lumen_01907)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit has been lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and has been served on Defendant. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Supplemental Declaration of Doe 4 in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

---

# EXHIBIT H

2025 Year-End Performance Review of Doe 4

(Meta_Lumen_01924–01926)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit has been lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and has been served on Defendant. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.