Andrea Mazingo, SBN 300824
LUMEN LAW CENTER, P.C.
8605 Santa Monica Blvd PMB 832031
West Hollywood, CA 90069
Telephone: (310) 269-6739
Email: andi@lumenlawcenter.com

Barbara E. Cowan, SBN 251942
WORKPLACE ADVOCATES, P.C.
9431 Haven Avenue, Suite 100
Rancho Cucamonga, CA 91730
Telephone: (909) 983-4102
Email: brandi@wpa.law

Rebecca Houlding (admitted *pro hac vice*)
HOULDING LAW PC
431 Classon Avenue, Suite 1B
Brooklyn, NY 11238
Telephone: (646) 561-9119
Email: rebecca@houldinglaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOES 1 THROUGH 26,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:26-cv-07122-WHO<br><br>**SUPPLEMENTAL DECLARATION OF DOE 9 [redacted] IN SUPPORT OF PLAINTIFFS 'REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. William H. Orrick |

I, [redacted] declare as follows:

1. I am over the age of eighteen and a resident of [redacted] California. I have personal knowledge of the matters stated in this declaration, except as to those matters stated on information and belief, and as to those matters I believe them to be true. If called as a witness, I could and would testify competently to the matters set forth below.

2. I previously submitted a declaration in support of Plaintiffs 'Motion for a Preliminary Injunction, executed on July 2, 2026 (my "Prior Declaration"). The statements in my Prior Declaration remain true and correct. I submit this supplemental declaration in response to the Declaration of Linh Doan Pursuant to the Court's July 17, 2026 Order (the "Doan Declaration"), which I have reviewed, and in particular paragraphs 16 through 20. I have also reviewed my performance reviews as produced by Meta to my counsel (Meta_Lumen_04737–04796), and this declaration draws on those records; true and correct copies of the produced records cited below are attached to this declaration as **Exhibits A through H**.

3. **My complete rating history, from Meta's production.** My performance reviews, as produced by Meta, record the following:

a. "Consistently Met Expectations" for 2022 (Fang Lee, submitted February 28, 2023, **Exhibit A**, Meta_Lumen_04785);

b. "At or Above Expectations" at the 2023 mid-year (Ms. Lee, submitted August 11, 2023, **Exhibit B**, Meta_Lumen_04774);

c. "Consistently Met Expectations" for 2023 (Ms. Lee, submitted March 5, 2024, **Exhibit C**, Meta_Lumen_04789);

d. "At or Above Expectations" at the 2024 mid-year (Jessie Kitchens, submitted August 9, 2024, **Exhibit D**, Meta_Lumen_04777);



Doc ID: fdc31555fad6bb33242ef5b6185c9ba954dcc183

e. "Exceeded Expectations" for 2024 (Ms. Kitchens, submitted February 28, 2025, **Exhibit E**, Meta_Lumen_04793), a review that described a "path to [redacted]";

f. "At or Above Expectations" at the 2025 mid-year (Bryce Reid, submitted August 6, 2025, **Exhibit F**, Meta_Lumen_04781);

g. And a second consecutive "Exceeded Expectations" for 2025 (Mr. Reid, submitted March 4, 2026, **Exhibit G**, Meta_Lumen_04796).

These match the ratings stated in my Prior Declaration ¶ 5. I never received a rating below expectations at any point in my tenure, and I was never placed on a performance improvement plan or disciplined.

4. **Meta's own reviews document the experience the Doan Declaration says I lacked.** The Doan Declaration states that I was selected because I "lacked the deep experience in fully immersive interactive product elements required for the high-priority project," in the context of "design reviews at Meta increasingly focus[ing] on executive-level demos." Doan Decl. ¶¶ 18–19. My reviews, written by my managers across my entire tenure, record the following. My 2022 review congratulated me on the rating "[redacted]" and credited me with taking the [redacted] concept "0-to-1 in one quarter": it quotes a colleague that "[i]n preparation for the Augment Graph review with [redacted], [redacted].. The review was a success"; states that I produced "the well-recognized [redacted] overview video," whose "messaging was fundamental in the [redacted]" after which "[l]eaders and partners quickly resonated with the value of [redacted] and greenlit the project"; and records that the work "ultimately influenced [redacted] leadership's decision to re-org and designate an entire pillar." The same review

acknowledged my [redacted] skills, "[r]ecognizing you know [redacted]" and encouraged me to "[u]plevel [redacted] skills." **Exhibit A**, Meta_Lumen_04785–04786. My 2023 mid-year review records that I owned the [redacted] area; that I "led the design of the [redacted]"; that I "ramped up spatial design with speed"; that I "initiated, recruited, and coordinated a [redacted]" including [redacted]; that I "presented i[redacted] obtain alignment with senior leaderships"; and that I "succinctly and effectively communicate [my] work and represent [my] team in director-level reviews." **Exhibit B**, Meta_Lumen_04774–04776. My 2023 year-end review recommended that I "leverage [my] background even more, including AI-assisted experience and [redacted] combining with recently learned [redacted]" **Exhibit C**, Meta_Lumen_04789. My 2024 reviews credit my work on the AI Tab, where my manager described me as the "center of gravity," and my "high-quality [redacted] to land the value with leadership and the broader team via [redacted]" **Exhibits D and E**, Meta_Lumen_04777, 04793. My 2025 mid-year review—submitted August 6, 2025, a few months before my leave—records my design of [redacted] which it calls "a marquee feature"; my [redacted] "addressing feedback from executives"; and that I "[p]repared [redacted]" **Exhibit F**, Meta_Lumen_04781. And my 2025 year-end review states that I "proactively led complex cross-org collaborations from concept to launch, such as the [redacted]," and credits my "end-to-end [redacted] leadership" driving "the design and launch of complex features like [redacted] **Exhibit G**, Meta_Lumen_04796.

5. **Meta's incentive pay based on that rating.** Meta's 2025 Year-end Performance Letter, issued on the basis of the "Exceeded Expectations" rating, awarded me a salary increase of [redacted] effective February 23, 2026; a 2025 bonus computed with an individual multiplier of [redacted]%, above my full individual target, totaling [redacted] and an equity refresher grant of [redacted] restricted stock units, valued by Meta at [redacted] vesting quarterly over four years beginning May 15, 2026—five days before I received the layoff notice. **Exhibit H**, Meta_Lumen_04747. Meta's performance letters for every year of my employment show an individual bonus multiplier of [redacted]% or higher, including [redacted]% in both 2024 and 2025. **Exhibit H**, Meta_Lumen_04744–04747.

6. **The experience behind those reviews.** The work my reviews describe was immersive, interactive, and presented to Meta's senior leadership, and I can supply the specifics the reviews compress. The [redacted] shared in approximately May 2023, was interactive and immersive, running on the [redacted] and was seen by at least [redacted] I retain two video recordings of it. In early 2024, my then-manager, [redacted], presented my background in [redacted] experiences—which he knew from my graduate work and portfolio—to [redacted] then the Director of our team, and as a result of that background I was reorganized into the [redacted] organization (originally called [redacted]) in March 2024. The [redacted] went through an [redacted] in approximately May 2024, where [redacted] VP of [redacted], saw it and gave direction. The [redacted] was shown at the [redacted] in June 2024, where [redacted] VP of [redacted] and the [redacted] organization's leadership saw it. The [redacted] for the Meta Ray-Ban Display was locked in approximately June 2025, with feedback from directors and VPs in the

[redacted] organization who were internally testing the features. I prepared and presented [redacted] on June 26, 2025, where the [redacted] was also shown. Between approximately June and September 2025, that work went through multiple [redacted] Before Meta, I studied augmented reality in my master's program at New York University, including the courses Mobile Augmented Reality Studio, Masquerade, and Magic Windows and Mixed-up Realities; my thesis was an [redacted] and my [redacted] was presented to the then-President of NYU. A true and correct copy of my master's transcript is attached as **Exhibit I**. My first team at Meta was the [redacted] team, where we developed [redacted] as reference implementations for the [redacted] In September 2025, a patent application was filed on the AR interaction model I invented for real-world text consumption—the interaction model for Visual Translation on the in-lens display, the first on-glasses OCR translation. [redacted]



Doc ID: fdc31555fad6bb33242ef5b6185c9ba954dcc183

7. **No one ever asked.** Before May 20, 2026, no one at Meta—not my manager, not my skip-level manager, not anyone in Human Resources, and not anyone identifying themselves as a decision-maker—ever asked me about my experience with immersive interactive product design, my demo work, or my portfolio. There was no skills survey, no portfolio review, and no self-attestation. And the "shift" toward designers with executive-demo experience that the Doan Declaration describes was never announced or communicated anywhere I saw.

8. **The decision-maker knew my work—and vouched for me.** The Doan Declaration identifies the decision-maker for my decisional unit as a "VP, Product Design for AR, AI & Wearables." Doan Decl. ¶ 17. That position is held by [redacted] Mr. [redacted] knew my work personally: I attended an executive demonstration in person at Meta's Burlingame office between approximately June and September 2025 at which the [redacted] work was demonstrated to Mr. [redacted] and he saw the work of the same workstream at Demo Con. In addition, in approximately August 2025, Mr. [redacted] signed the reference letter supporting my [redacted] Before agreeing to sign, Mr. [redacted] personally asked me, through Meta's internal messaging tool, Workplace Chat, what my work was. A true and correct copy of the signed reference letter is attached as **Exhibit M**. My Workplace Chat exchanges with Mr. [redacted] remained on Meta's systems when I returned my devices, and I no longer have access to them.

9. **My review was completed during my leave and delivered by my prior manager.** [redacted] was my manager until the fall 2025 reorganization, in which his team was dispersed into different teams with very few remaining under him. [redacted] became my manager in approximately mid-November 2025, and I was under him for only about two weeks in 2025 before my [redacted] leave began on [redacted] I told Mr. [redacted] about my surgery on approximately November 19, 2025, at my first one-on-one with him, after I had already contacted



Doc ID: fdc31555fad6bb33242ef5b6185c9ba954dcc183

Lincoln Financial. Prior Decl. ¶ 7. I believe Mr. [redacted] had no input into my 2025 year-end review. As stated in my Prior Declaration ¶ 8, even while I was on approved leave, in early January 2026, I completed my year-end self-assessment, my manager review, and my peer reviews. My leave ran from [redacted] and I returned to work on Monday, March 2, 2026. As stated in my Prior Declaration ¶ 10, on March 4, 2026, my prior manager, Mr. [redacted] delivered my 2025 year-end review by video call, rating me "Exceeded Expectations" and telling me that I was, in his words, "a strong ass [redacted] top of the game at [my] level." Meta's production confirms that Mr. [redacted] submitted the written review that same day. *See* **Exhibit G**, Meta_Lumen_04796. Nothing in the written review mentions my [redacted] leave, notes any adjustment or proration for the month of the review period I spent on leave, or acknowledges that I completed my self-assessment and peer reviews from leave; its growth section looks forward to the "newly restructured organization."

10. **My manager's statements.** As stated in my Prior Declaration ¶ 10, in our one-on-ones leading up to the reduction in force, Mr. [redacted] told me that I was not likely to be impacted given my strong "Exceeded Expectations" performance, and on the day of the layoff he told me, through a personal messaging channel, that he had not expected me to be impacted. A true and correct screenshot of that message, exactly as it appears on my personal device, is attached as **Exhibit N.** Because I returned all of my Meta devices, Prior Decl. ¶ 21, my personal device holds my only copy.

11. **AI in the review instrument itself.** The impact question on my year-end 2025 review form asked my manager: "What impact did [redacted] achieve in 2025? Include impact achieved, progress against business goals, and significant contributions to how we work at Meta, which includes *AI-driven impact*, smart risk-taking and effective teamwork." **Exhibit G**,

Meta_Lumen_04796 (emphasis added). The corresponding question on my 2025 mid-year review form, six months earlier, asked only about "impact achieved, progress against business goals, and contributions to how we work at Meta," with no reference to AI, **Exhibit F**, Meta_Lumen_04781, and my 2024 year-end form asked about "contributions to efficiency initiatives, and building internal community," likewise with no reference to AI, **Exhibit E**, Meta_Lumen_04793.

12. **My [redacted] and where the demos happened.** As stated in my Prior Declaration ¶ 2, at the time I was selected I was working under an approved work-from-home [redacted] that remained in effect. The entire team under Mr. [redacted] knew about my [redacted] as did colleagues who sat near me before my leave. The only friction in the [redacted] process was Meta's case manager at Lincoln Financial requesting that my doctor complete an additional form from Meta after I had already submitted my doctor's written note, with the recommended work-from-home timeline, to Lincoln Financial as instructed by my first Lincoln Financial case manager. Executive demo participation in my organization tended to happen in person at the Burlingame office; I personally attended several such demonstrations between approximately June and September 2025, before my leave, including the demonstrations of the [redacted] to Mr. [redacted]

13. **The six selected—and the two [redacted]** Under my manager—including a sub-manager, [redacted] and that sub-manager's reports—there were 14 people, and six were selected, including my manager himself. The six selected were: me [redacted] The retained [redacted] were, under Mr. [redacted] and [redacted] each an [redacted] and [redacted]

[redacted] on information and belief; and under [redacted]

14. To my knowledge, [redacted] and I were the only two [redacted] in the group. [redacted] was already on [redacted] leave when I joined Mr [redacted] team in November 2025, and I heard that she returned from that leave during my own [redacted] leave, around the end of January or beginning of February 2026. Both of us—the only two [redacted] and the only two people in the group who had taken or returned from protected leave—were selected. Every retained individual contributor in the group was, to my knowledge or on information and belief, at the [redacted] level.

15. **AI tools and the usage dashboard.** As stated in my Prior Declaration ¶¶ 11–13: Meta expected employees to use its internal AI tools extensively, including a tool referred to as a "second brain," a structured vault for storing and managing context that AI agents can take from; I used Metamate among other tools; my measured usage on Meta's dashboard placed me in the middle-to-lower range rather than the top—a ranking that my months-long leave necessarily depressed, because I could not use those tools while I was out; and a pop-up blocked my screen until I clicked accept, which to my best recollection first appeared in approximately May 2026. The usage dashboards were available at internal links that anyone at Meta could view. To my best recollection, I saw the dashboard throughout the period after my return—March, April, and May 2026. The results of AI adoption appeared in reviews and team meetings, and the use of AI tools was expected of everyone at the company, regardless of level. I retained two screenshots of AI tools I used—a terminal session for [redacted]

16. **The disclosure document.** I never received from Meta any document describing a "decisional unit" or listing the job titles and ages of employees selected and retained in the reduction in force—whether attached to my separation agreement, delivered under separate cover, made available through the alumni portal, or sent by email.

17. **My circumstances.** My Prior Declaration described the irreparable consequences of my separation, including the loss of employer-sponsored health coverage [redacted] my unvested equity—including equity scheduled to vest shortly after my separation date, which I understand to be the final tranche of my original four-year grant, Prior Decl. ¶ 18—[redacted]

18. [redacted]

19. [redacted]

20. [redacted] Because of my termination, I could no longer pay for it through my flexible spending account



Doc ID: fdc31555fad6bb33242ef5b6185c9ba954dcc183

as I had planned: I had to spend down my FSA balance by July 22, 2026 on other expenses, and I will pay the [redacted] out of pocket, as I have elected COBRA (employee-only coverage) and made the first [redacted] payment out of pocket. [redacted]

21. **My job search.** I maintain a tracker of every position I have applied to. Despite sustained effort, including referrals from friends, I have heard back from very few employers. [redacted]

22. [redacted] My home, my friends, my professional connections—my entire adult life—are here, [redacted]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on Aug 6th 2026, at [redacted] California.

[redacted]



Doc ID: fdc31555fad6bb33242ef5b6185c9ba954dcc183

# EXHIBIT A

2022 Year-End Performance Review of Doe 9
(Meta_Lumen_04785)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Supplemental Declaration of Doe 9 in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

---

# EXHIBIT B

2023 Mid-Year Performance Review of Doe 9
(Meta_Lumen_04774)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

# EXHIBIT C

2023 Year-End Performance Review of Doe 9

(Meta_Lumen_04789)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Supplemental Declaration of Doe 9 in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

# EXHIBIT D

2024 Mid-Year Performance Review of Doe 9
(Meta_Lumen_04777)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

# EXHIBIT E

2024 Year-End Performance Review of Doe 9
(Meta_Lumen_04793)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

# EXHIBIT F

2025 Mid-Year Performance Review of Doe 9
(Meta_Lumen_04781)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Supplemental Declaration of Doe 9 in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

# EXHIBIT G

2025 Year-End Performance Review of Doe 9
(Meta_Lumen_04796)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Supplemental Declaration of Doe 9 in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

---

# EXHIBIT H

Performance Letters of Doe 9 (All Years of Employment)
(Meta_Lumen_04744–04747)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

# EXHIBIT I

Master's Degree Transcript of Doe 9

(Retained by declarant)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Supplemental Declaration of Doe 9 in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

# EXHIBIT J

Provisional Patent Application Naming Doe 9 as Inventor (Meta as Assignee)

(Retained by declarant / public filing)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

# EXHIBIT K

Patent Assignment

(Retained by declarant)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Supplemental Declaration of Doe 9 in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

# EXHIBIT L

Attestation of Inventorship from Meta Naming Doe 9 as Inventor

(Retained by declarant)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Supplemental Declaration of Doe 9 in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

# EXHIBIT M

Reference Letter Supporting Doe 9's National Interest Waiver Petition, Signed by the Decisional Unit Decision-Maker

(Retained by declarant)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Supplemental Declaration of Doe 9 in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

# EXHIBIT N

Screenshot of Day-of-Layoff Message from Doe 9's Manager (Personal Messaging Channel)

(Retained by declarant)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.