Andrea Mazingo, SBN 300824
LUMEN LAW CENTER, P.C.
8605 Santa Monica Blvd PMB 832031
West Hollywood, CA 90069
Telephone: (310) 269-6739
Email: andi@lumenlawcenter.com

Barbara E. Cowan, SBN 251942
WORKPLACE ADVOCATES, P.C.
9431 Haven Avenue, Suite 100
Rancho Cucamonga, CA 91730
Telephone: (909) 983-4102
Email: brandi@wpa.law

Rebecca Houlding (admitted *pro hac vice*)
HOULDING LAW PC
431 Classon Avenue, Suite 1B
Brooklyn, NY 11238
Telephone: (646) 561-9119
Email: rebecca@houldinglaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOES 1 THROUGH 26,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:26-cv-07122-WHO<br><br>**SUPPLEMENTAL DECLARATION OF DOE 15 [redacted] IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. William H. Orrick |



Doc ID: 2c8064eec8324802282e0e4f040afcdc69bdc0ca

I, [redacted], declare as follows:

1. I am over the age of eighteen and a resident of [redacted] Washington. I have personal knowledge of the matters stated in this declaration, except as to those matters stated on information and belief, and as to those matters I believe them to be true. If called as a witness, I could and would testify competently to the matters set forth below.

2. I previously submitted a declaration in support of Plaintiffs' Motion for a Preliminary Injunction, executed on July 2, 2026 (my "Prior Declaration"). The statements in my Prior Declaration remain true and correct. I submit this supplemental declaration in response to the Declaration of Linh Doan Pursuant to the Court's July 17, 2026 Order (the "Doan Declaration"), which I have reviewed, and in particular paragraphs 21 through 26. I have also now reviewed my personnel records as produced by Meta to my counsel (Meta_Lumen_06043–06153), including every performance review in the production, and this declaration draws on those records; true and correct copies of the produced records cited below are attached to this declaration as Exhibits F through O.

3. The Doan Declaration states that the sole selection criterion for my cohort was a most recent performance rating of "Met Most Expectations" or below, and that my "Met Most Expectations" rating indicates I "was not meeting the expectations of [my] role." Doan Decl. ¶¶ 23–25. The Doan Declaration identifies the decision-maker as "a Director, Engineering Recent Stories Engineering," Doan Decl. ¶ 22, but does not identify—or anywhere mention—the person who assigned the rating on which the selection ran: my manager, [redacted]. As I understood Meta's semi-annual review process from four years as a Meta [redacted] year-end ratings are proposed by an employee's direct manager and finalized through a manager-led calibration process. My director was [redacted]. The "Director, Engineering Recent Stories Engineering"



Doc ID: 2c8064eec8324802282e0e4f040afcdc69bdc0ca

identified in the Doan Declaration is not Mr. [redacted] I never came across a director role or an organization called "Recent Stories Engineering" at any point during my employment, and I do not know who that decision-maker is.

4. **My complete rating history, from Meta's production.** Having now reviewed my personnel file as Meta produced it, I state my complete rating history precisely, to supplement the summary in my Prior Declaration ¶ 6:

a. For 2022—my first, partial year, having joined Meta on [redacted] 2022 at the [redacted] level—"Met Most Expectations" (2022 Year-end Performance Letter, Exhibit F, Meta_Lumen_06109), which my then-manager explained to me as the normal rating for an employee who joins late in the year: I began work on my team after completing Meta's bootcamp in [redacted] 2022, and the team lost several weeks in November and December to holiday code-freeze schedules, so the rating covered roughly three months of work measured against a full-year cycle;

b. For the 2023 mid-year, "At Or Above Expectations" ([redacted] submitted August 23, 2023, Exhibit L, Meta_Lumen_06153)—a review in which every narrative section was left "[not answered]" by my manager, so that the calibration signal is the only content it contains; for 2023, "Exceeded Expectations" ([redacted] submitted March 9, 2024, Exhibit G, Meta_Lumen_06103), on which Meta paid a 2023 bonus at a [redacted] individual multiplier and granted a [redacted]-RSU equity refresher valued at [redacted] (2023 Year-end Performance Letter, Exhibit M, Meta_Lumen_06107);

c. For the 2024 mid-year, "At-or-Above Expectations" ([redacted], submitted August 2, 2024, Exhibit H, Meta_Lumen_06046); for year-end 2024, "Consistently Met Expectations"—the year-end label for the same rating tier that Meta's mid-year review vocabulary



Doc ID: 2c8064eec8324802282e0e4f040afcdc69bdc0ca

denotes "At or Above Expectations," which is the label my Prior Declaration ¶ [6] used—([redacted], submitted March 12, 2025, Exhibit I, Meta_Lumen_06092), as to which my manager's written rationale praised my "strong ownership and accountability" and expressly noted: "Note it is evaluated half by [redacted] criterion due to the yellow zone"—meaning that half of my performance was evaluated against [redacted] expectations and half against the expectations of the next level, [redacted] because I was on the promotion track, and that I was at or above the bar under that split-level evaluation; my manager told me my trajectory was very good and that, because Meta requires consistently high performance, I would be promoted the next half if I maintained the same level of work—and on which Meta nonetheless paid my 2024 bonus at a [redacted] individual multiplier, my full individual target, and granted a [redacted]-RSU equity refresher valued at [redacted] (2024 Year-end Performance Letter, Exhibit N, Meta_Lumen_06108);

d. For the 2025 mid-year, "At Or Above Expectations" ([redacted], submitted August 19, 2025, Exhibit J, Meta_Lumen_06084)—the same cycle in which Meta in fact promoted me to [redacted] with a [redacted]% salary increase effective August 11, 2025 (2025 Mid-year Promotion Letter, Exhibit K, Meta_Lumen_06043);

e. And for year-end 2025, "Met Most Expectations" ([redacted], submitted March 9, 2026, Exhibit D, Meta_Lumen_06089). I was never placed on a performance improvement plan, never disciplined, and never the subject of any investigation. In March 2026—the same month I received the "Met Most Expectations" rating—I received Meta's "[redacted]" award, an organization-wide recognition. Prior Decl. ¶ 4.

5. My Prior Declaration describes, at ¶¶ 8–14, how the 2025 rating was assigned: Mr. [redacted]'s statements during January 2026 calibration that he would have to "push my rating down"; his statement that my rating could suffer because, in words or substance, my "[redacted] was



Doc ID: 2c8064eec8324802282e0e4f040afcdc69bdc0ca

noticeable to others"; his statement that "the decision was already made even before the self-review was submitted"; my escalation to Mr. [redacted] who reviewed my work documentation, agreed my impact was solid, and reversed himself two days later; and the different explanations Mr. [redacted] gave me—calibration, "stack ranking" for "team health" so a colleague who had joined approximately six months earlier could be promoted to [redacted] and a three-day period of approved paid time off I took in August 2025, before he became my manager. He also told me that because of my recent promotion I "should be safe" despite the rating. Prior Decl. ¶ 13.

6. **What the written record does not contain.** I have reviewed every performance review in Meta's production of my personnel file. No review anywhere references the three-day period of approved paid time off in August 2025 that Mr. [redacted] cited to me as a reason for my 2025 rating. The only references to leave or absence of any kind in my reviews credit me with covering for others: my 2022 year-end review states that "[w]hen [a colleague] went on vacation, [I] seamlessly took ownership of the project," and quotes a teammate that I "stepped up while [he was] away" (Exhibit O, Meta_Lumen_06051), and my 2023 year-end review credits me with "Support[ing] teammates' proposal while they were off-the-grid" (Exhibit G, Meta_Lumen_06103).

7. I first raised my [redacted] and [redacted] with Mr. [redacted] before the calibration period began. In my one-on-ones with him in September 2025, shortly after he became my manager, I told him I was dealing with [redacted] and [redacted] from work-related pressure. In or around October or November 2025—around the third anniversary of Meta's 2022 layoffs—I raised my [redacted] and stress with him again; we spoke explicitly about the rounds of layoffs I had survived at Meta and how each one increased my [redacted] and he brushed my concerns aside, telling me, in words or substance, that he "had seen a lot of it," that a "layoff can be good for you," and that I "should



Doc ID: 2c8064eec8324802282e0e4f040afcdc69bdc0ca

try to chill." Prior Decl. ¶ 8. During that same fall period, he gave me multiple team kudos crediting my work; I do not have copies, but those kudos are recorded on Meta's internal kudos portal and in my team's 2025 stand-up document, both of which remain in Meta's possession.

8. **The written rationale for the rating Meta relies on.** Meta's production of my year-end 2025 review (Meta_Lumen_06089) matches the copy I retained and attach as **Exhibit D**. Mr. [redacted]'s written rationale credits me with leading [redacted] Nothing in the written review identifies any failure to meet the expectations of my role or level. Its growth section assigns me two forward-looking 2026 responsibilities—serving as [redacted]—the same work my manager's April 2026 first-half evaluation (**Exhibit A**) later described me as delivering above the [redacted] "Exceeds" bar.

9. **AI in the review instrument itself.** The impact question on my year-end 2025 review form asked my manager: "What impact did [redacted] achieve in 2025? Include impact achieved, progress against business goals, and significant contributions to how we work at Meta, which includes *AI-driven impact*, smart risk-taking and effective teamwork." Exhibit D, Meta_Lumen_06089 (emphasis added). The corresponding question on my year-end 2024 review form asked instead about "contributions to efficiency initiatives, and building internal

community," with no reference to AI. Exhibit I, Meta_Lumen_06092. Mr. [redacted]'s written answer to the 2025 question credits me with "[redacted]."

10. Attached as **Exhibit E** are true and correct copies of every peer review I received in the 2025 full-year performance cycle—eight reviews in total, complete and with none omitted. Each is positive. Not one identifies performance below the expectations of my role or level; in most, the "could be doing better" section was left unanswered by the reviewer.

11. My Prior Declaration describes, at ¶¶ 15–20, my diagnosis and Meta's response: my symptoms; my [redacted]; my verbal disclosure of the diagnosis to Mr. [redacted] in [redacted] and his dismissive responses; my providers' approval and documentation of a twelve-to-sixteen-week [redacted] leave, documented in signed documents I received from both Lyra and Accolade, each a Meta-designated health-benefit provider; and Mr. [redacted]'s reaction when I gave him the courtesy notification Meta's internal leave instructions call for—including his statements, in words or substance, that the team already had one person on parental leave and he could not "afford to lose another person to leave"; that because of my "Meets Most" rating, taking leave would mean senior leadership "will definitely" terminate me or nominate me for the anticipated layoffs; and that if I proceeded he would "share with the HRBP to initiate performance management to remove me from Meta." Prior Decl. ¶ 19.

12. As stated in my Prior Declaration ¶ 20, Mr. [redacted] then proposed what he called a "win-win": he acknowledged that my first-half 2026 performance had been "way above the bar," and offered to send an exceptionally positive performance letter to the HR business partner if I dropped the idea of medical leave; he refused to put his statements in writing, saying he wanted to

"avoid a paper trail," but immediately sent me the positive performance letter as "proof," asking me to edit it before he sent it on. Attached as **Exhibit A** is a true and correct copy of that first-half 2026 performance evaluation as Mr. [redacted] sent it to me on April 29, 2026, by sharing a Google document through Google Chat, which also generated an email notification to me. I did not edit the document, and I told Mr. [redacted] in a message that I had not edited it and that it was good to be shared with the HR business partner contact he identified; **Exhibit A** is the document as I received it. *See also* **Exhibit P** (true and correct screenshot of the April 29, 2026 share-notification email, showing the date and the document title); **Exhibit Q** (true and correct copy of my contemporaneous message confirming that I made no edits). In a one-on-one in early May 2026, Mr. [redacted] told me that he had sent the evaluation to the HR business partner, that I should not worry about the layoffs, and that I should not take medical leave now that he had "fixed things" with the HR business partner. The evaluation states, among other things, that in 2026 H1 I "operated above the [redacted] 'Exceeds' bar," and concludes that my impact was "squarely above the 'Exceeds' bar for [redacted]."

13. On May 20, 2026, I was notified of my selection. Of the seven [redacted] on my immediate team, I was the only one selected. Prior Decl. ¶ 26. Later that day, Mr. [redacted] sent me a message on LinkedIn stating: "[redacted], hope you are fine. Sorry the company's move is just 1 Month[s] before we can mark your great performance into the system. Best wishes to your next journey." He also voluntarily posted a public LinkedIn recommendation describing me as "one of the strongest performers on my team," stating that my "[redacted] has become the backbone of our team's primary delivery path," referencing my receipt of the organization's [redacted] award, and stating that my "leadership in the [redacted]



Doc ID: 2c8064eec8324802282e0e4f040afcdc69bdc0ca

[redacted] has been widely recognized in 2026 H1." True and correct screenshots are attached as **Exhibit B**.

14. Since my selection, it appears that Meta designated me as ineligible for rehire. During my sixty-day post-notification period, two different Meta teams sought to rehire me and were not permitted to proceed: the hiring managers were [redacted] and [redacted], each managing a different team, both reporting to the same director. One of the hiring managers, [redacted], told me that, in the last week of June 2026, Mr. [redacted] had given him strong feedback about my performance. When I emailed Mr. [redacted]'s Meta email address from my personal email to ask him to support the rehire, he replied on June 30, 2026 from his personal email account to my personal email, stating: "The [redacted] connected with me and I provided the 2026H1 performance evaluation to him which I stated a very strong one. Pray for a smooth and successful rehire for you." A true and correct copy is attached as **Exhibit C**.

15. I have reviewed paragraph 25 of the Doan Declaration, which states that my performance rating "predated Doe 15's medical disclosure and request for medical leave." The rating, communicated to me in early March 2026, did precede my formal diagnosis on March 18, 2026 and my mid-April leave notification. It did not precede my disclosures: I had raised my [redacted] and [redacted] with Mr. [redacted] repeatedly beginning in September 2025, months before calibration, and in January 2026—during calibration—Mr. [redacted] himself told me my rating could suffer in part because my "[redacted] was noticeable to others." Prior Decl. ¶¶ 8, 10.

16. Paragraph 25 of the Doan Declaration also states that the decision-maker "did not have access to information regarding Doe 15's health condition or any leave requests during the selection process." Whatever the decision-maker's access to records, the people in my management chain knew directly from me. Mr. [redacted] knew of my [redacted] from our conversations

beginning in September 2025 and of my diagnosis and planned leave from late March and April 2026, and told me he would raise matters with the HR business partner—and, in early May 2026, that he had done so. I had also told my director, Mr. [redacted] about my [redacted] in one-on-one meetings I initiated approximately every six months—including on or about May 20, 2024, in December 2024, in mid-2025, and in the last week of January 2026—and he heard me out each time. Mr. [redacted] had told me many times to "fly under the radar." The escalation I made was to Mr. [redacted] who was effectively my skip-level manager during [redacted]'s leave, as described in paragraph 5 above—after which Mr. [redacted] reprimanded me for going over his head to Mr. [redacted]

17. Paragraph 25 of the Doan Declaration further states that the selection criteria "were determined before Doe 15 or any other individual employee was identified for potential selection, and they could not be changed during the decision-making process." In mid-April 2026, weeks before the May 20 notifications, Mr. [redacted] told me that because of my "Meets Most" rating, taking leave would mean senior leadership "will definitely" terminate me or nominate me for the anticipated layoffs. Prior Decl. ¶ 19. He thus described to me, in advance, the operation of the very criterion the Doan Declaration now identifies.

18. I have reviewed paragraph 26 of the Doan Declaration, which characterizes as "misleading" my statement that I was the only one of the seven [redacted] on my team selected. My statement is accurate. I can add the following: the [redacted] group consisted of two teams of seven [redacted] each, reporting to two different managers—fourteen engineers in total. Of those fourteen, I was the only one selected. The second team's manager was [redacted], who had seven reports; to my knowledge, none of his reports was selected. I was also the last remaining founding member of the [redacted] team: the original [redacted] team consisted of four [redacted] of



Doc ID: 2c8064eec8324802282e0e4f040afcdc69bdc0ca

whom one left Meta, one moved to a different team, and one was selected in Meta's 2025 layoffs, leaving me as the only remaining original member, and each of the other thirteen [redacted] in the group joined the team after I did. The Doan Declaration states that I was "one of 10 employees in that cohort who were selected," but does not state the size of the cohort, and it does not state nor do I know how many [redacted] were in it.

19. The Doan Declaration describes my cohort as encompassing [redacted] on seven teams, each identified as an "[redacted]" team. Doan Decl. ¶ 22. In my experience, "[redacted]" was an umbrella term covering a broad collection of teams—on the order of several hundred people—whose work ultimately related to [redacted]. My team was the [redacted]—within the [redacted] organization of [redacted], and its work concerned [redacted]. The Doan Declaration does not identify which seven teams, out of that broad collection, made up my cohort, or how they were chosen.

20. After the reduction in force, Mr. [redacted] was moved from manager to an individual-contributor role—the outcome he had told me he feared if the team's headcount dropped—and the remaining members of my team now report to a different manager. Prior Decl. ¶¶ 22, 26.

21. I have preserved the original electronic copies of the documents attached as **Exhibits A through E**, including available metadata, and I have not altered their content.

22. Taken together, my "Exceeded Expectations" (2023) and "At or Above Expectations" (2024) ratings, my August 2025 promotion, every peer review from the 2025 cycle (**Exhibit E**), Mr. [redacted]'s own year-end feedback (**Exhibit D**), his April 2026 statement that my first-half performance was "way above the bar" (**Exhibit A**), his post-layoff LinkedIn message (**Exhibit B**), and his written statement that he had provided a "very strong" 2026 evaluation



Doc ID: 2c8064eec8324802282e0e4f040afcdc69bdc0ca

(Exhibit C) are all inconsistent with the "Meets Most Expectations" rating. Based on these facts, and on what Mr. [redacted] told me during calibration, I believe that rating was not based on my actual performance and was arrived at only after Mr. [redacted] learned of my [redacted] and health condition.

23. **My immigration status.** I am in the United States on an H-1B visa. My grace period runs from my July 22, 2026 termination date at the latest. I am currently approximately 14 days into my 60-day grace period.

24. **My [redacted] treatment.** As described in my prior declaration, I ceased treatment for my [redacted] due to my manager's threats. If given a chance to be rehired or reinstated, I would resume treatment with the current provider and am hopeful to recover. I am not sure I can afford COBRA coverage out-of-pocket and am waiting to receive the relevant COBRA notice to evaluate while also assessing marketplace plans. I do not believe a similar quality of healthcare is available in [redacted] and stresses associated with returning to [redacted] would significantly disrupt my recovery.

27. **What I face if I must leave.** Returning to [redacted] would mean selling the home in which my wife and I reside and leaving behind the lives we have built for ourselves. It also would mean significant financial uncertainty for myself and my dependents, including my wife and both of my parents. We were planning to seek a [redacted] for my wife, who is currently on a [redacted], based on my status, but that path will cease to be viable unless I become reemployed.

28. **Reemployment.** Based on my recent independent immigration attorney consultation and my own calculation of dates, I would need to find a new job by approximately August 20, 2026 in order to allow the approximately 30 days necessary for the H1B transfer and labor condition approval process. I am actively applying and interviewing, but have found the



Doc ID: 2c8064eec8324802282e0e4f040afcdc69bdc0ca

current job market for [redacted] to be difficult. The only other option [redacted] is reinstatement at Meta prior to September 20, 2026.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 6th of August, 2026, at [redacted] Washington.

[redacted]

[redacted]

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Supplemental Declaration of Doe 15 in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

# EXHIBIT A

First-Half 2026 Performance Evaluation of Doe 15, as sent by Doe 15's manager (retained by Doe 15)

(Retained by declarant)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Supplemental Declaration of Doe 15 in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

---

# EXHIBIT B

Screenshots of Doe 15's Manager's Post-Layoff LinkedIn Message and Public LinkedIn Recommendation

(Retained by declarant)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Supplemental Declaration of Doe 15 in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

---

# EXHIBIT C

June 30, 2026 Personal-Email Message from Doe 15's Manager Regarding Rehire

(Retained by declarant)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

# EXHIBIT D

Doe 15's Retained Copy of 2025 Year-End Performance Review

(Retained by declarant; cf. Meta_Lumen_06089)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Supplemental Declaration of Doe 15 in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

# EXHIBIT E

Doe 15's Peer Reviews for the 2025 Full-Year Performance Cycle (Eight Reviews)

(Retained by declarant)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Supplemental Declaration of Doe 15 in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

---

# EXHIBIT F

2022 Year-End Performance Letter of Doe 15

(Meta_Lumen_06109)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Supplemental Declaration of Doe 15 in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

---

# EXHIBIT G

2023 Year-End Performance Review of Doe 15
(Meta_Lumen_06103)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Supplemental Declaration of Doe 15 in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

---

# EXHIBIT H

2024 Mid-Year Performance Review of Doe 15
(Meta_Lumen_06046)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Supplemental Declaration of Doe 15 in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

# EXHIBIT I

2024 Year-End Performance Review of Doe 15
(Meta_Lumen_06092)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Supplemental Declaration of Doe 15 in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

---

# EXHIBIT J

2025 Mid-Year Performance Review of Doe 15

(Meta_Lumen_06084)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Supplemental Declaration of Doe 15 in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

# EXHIBIT K

2025 Mid-Year Promotion Letter of Doe 15

(Meta_Lumen_06043)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Supplemental Declaration of Doe 15 in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

---

# EXHIBIT L

2023 Mid-Year Performance Review of Doe 15

(Meta_Lumen_06153)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Supplemental Declaration of Doe 15 in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

---

# EXHIBIT M

2023 Year-End Performance Letter of Doe 15

(Meta_Lumen_06107)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Supplemental Declaration of Doe 15 in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

# EXHIBIT N

2024 Year-End Performance Letter of Doe 15
(Meta_Lumen_06108)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Supplemental Declaration of Doe 15 in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

---

# EXHIBIT O

2022 Year-End Performance Review of Doe 15

(Meta_Lumen_06051)

**FILED UNDER SEAL**

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.