Andrea Mazingo, SBN 300824
LUMEN LAW CENTER, P.C.
8605 Santa Monica Blvd PMB 832031
West Hollywood, CA 90069
Telephone: (310) 269-6739
Email: andi@lumenlawcenter.com

Barbara E. Cowan, SBN 251942
WORKPLACE ADVOCATES, P.C.
9431 Haven Avenue, Suite 100
Rancho Cucamonga, CA 91730
Telephone: (909) 983-4102
Email: brandi@wpa.law

Rebecca Houlding (admitted *pro hac vice*)
HOULDING LAW PC
431 Classon Avenue, Suite 1B
Brooklyn, NY 11238
Telephone: (646) 561-9119
Email: rebecca@houldinglaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

DOES 1 THROUGH 26,

Plaintiffs,

v.

META PLATFORMS, INC.,

Defendant.

Case No. 3:26-cv-07122-WHO

**DECLARATION OF ANDREA MAZINGO IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

Date: August 24, 2026
Time: 10:00 a.m.
Courtroom: 2, 17th Floor
Judge: Hon. William H. Orrick

I, Andrea Mazingo, declare as follows:

1. I am an attorney licensed to practice law in the State of California and admitted to practice before this Court. I am the Founding Attorney of Lumen Law Center, P.C., and counsel

of record for Plaintiffs in this action, together with co-counsel Barbara E. Cowan of Workplace Advocates, P.C. and Rebecca Houlding of Houlding Law PC (admitted pro hac vice). I make this declaration in support of Plaintiffs' Reply in Support of their Motion for Preliminary Injunction. I have personal knowledge of the facts stated herein, except where stated on information and belief, and if called as a witness I could and would testify competently to them.

**The AAA Arbitration Demands and the Status of the Arbitral Forum**

2. On July 14, 2026, my office served arbitration demands with the American Arbitration Association ("AAA") on behalf of each Plaintiff, invoking the AAA's Supplementary Rules for Multiple Case Filings, and served copies on Meta through its counsel of record. A true and correct copy of the AAA filing confirmation is attached as **Exhibit A**.

3. As of the date of this declaration, the AAA has not initiated administration of the demands. No process arbitrator or merits arbitrator has been appointed in any Plaintiff's matter. On August 12, 2026, AAA requested Proof of Service of Claimants' Demands for Arbitration, along with copies of the relevant arbitration agreements, which were provided to the AAA the same day. While AAA's Rule 36 of the Employment Rules provide for emergency appointment of an arbitrator (https://www.adr.org/media/aktbpg2y/2026_employment-arbitration-rules-and-mediation-procedures.pdf) neither the AAA's emergency rules, nor the relevant arbitration agreements (Dkt. 3-16, Ex. A) provides for relief on a group basis. In fact, because of the arbitration agreements prohibition on collective actions, emergency relief, to Plaintiffs' knowledge, could only be sought separately, by each of the 25 individual Claimants, something that is neither practical, efficient or necessary.

**The California Labor Code Records Requests and Meta's Responses**

4. Beginning June 1, 2026, and continuing on June 5, June 16, June 23, and July 3, 2026, my office served written requests on Meta on behalf of the California Plaintiffs pursuant to California Labor Code sections 226, 432, and 1198.5, seeking each employee's personnel records, signed documents, payroll records, and related materials. True and correct copies of requests are attached collectively as **Exhibit B**. The earliest statutory response deadlines lapsed on or about July 1, 2026—before this action was filed on July 13, 2026. Before July 13, 2026, the response deadline for eleven (11) Plaintiffs had passed.

5. In response, Meta produced records that included payroll records, certain signed documents, and performance reviews. The productions did not include, for any Plaintiff: calibration notes; peer reviews; self-reviews; manager pulse scores; employee surveillance records; keystroke, screen, or activity monitoring data or any consents relating thereto under Labor Code section 432; AI-use dashboards; or AI outputs relating to any Plaintiff.

6. The absence of certain categories is apparent on the face of Meta's own production. The produced year-end 2025 performance reviews contain a section header reading "Year-End Ratings & Promos Calibration Notes" beneath which only the employee's rating appears, with no calibration content; and the produced reviews state that each employee's "self-review and feedback about you can be downloaded," confirming the existence of self-review and peer-feedback documents that were not produced. *See, e.g.*, Doe 16 Supp. Decl. (Dkt. 37) Ex. B; **Exhibits C-1–C-4** hereto (each containing the calibration-notes header with only the employee's rating beneath it).

7. On July 23, 2026, I sent Meta's counsel a written notice of deficiencies by email addressed to Erin Connell of Orrick, Herrington & Sutcliffe LLP, copying Lauren Goldsmith and

Dixie Tauber of the same firm, identifying each excluded category and requesting that, for each category, Meta either (a) state that it was withholding responsive records and identify the specific basis for withholding, or (b) represent, after a diligent search, that no such records exist. A true and correct copy of the complete email correspondence between counsel regarding the §§ 226, 432, and 1198.5 productions—including my July 23, 2026 notice of deficiencies and Meta's counsel's July 28, 2026 response—is attached as **Exhibit D**.

8. Meta' s counsel responded by email on July 28, 2026. Ex. D. The response declined to produce the identified categories; declined to identify which custodians were asked about which systems (including the systems identified in my notice: Metamate, Checkpoint, Cali, and second-brain agent configurations) or what repositories and logs were searched and when; and invoked, among other things, California Labor Code section 1198.5(n). The response stated that, "in the spirit of compromise," Meta would provide "education and training records to the extent they exist." Nowhere in the response did Meta represent, as to any category, that responsive records do not exist. My office replied in writing on July 29, 2026; the reply is included in **Exhibit D**.

**The Produced Training Records**

9. On August 4, 2026, Meta produced education and training records, Bates-numbered Meta_Lumen_06155–06250, under a cover letter from Lauren Goldsmith of Orrick stating the records were produced "pursuant to California Labor Code § 1198.5" and that Meta is "continuing to collect and review other documents requested" and "will produce any additional documents in due course." A true and correct copy of Doe 18's produced training records are attached as **Exhibit G,** Meta_Lumen_06228. I have reviewed the production in full.

10. The produced training records—covering 28 individuals, including people managers—contain no training addressed to managers or decision-makers concerning the Family and Medical Leave Act, leave neutrality in performance evaluations or workforce-reduction decisions, or the treatment of employees on protected leave in selection decisions. The only leave-related entry anywhere in the production is an employee-facing module titled "Returning to Work After a Parental Leave," completed by one Plaintiff on May 11, 2026—nine days before her selection for the reduction in force. The records reflect no mandatory training on conducting performance evaluations: "Managing Performance at Meta" is categorized as "Elective," and "Managing Bias" is not designated as required. The records reflect no dedicated reasonable-accommodations training module.

**The Produced Year-End 2025 Performance Reviews**

11. I have reviewed the year-end 2025 performance reviews Meta has produced for Plaintiffs in this action. None of the produced reviews references any neutralization, proration, or adjustment for protected leave in the evaluation of the employee's performance or impact. Several of the produced reviews expressly evaluate the employee's performance "throughout the year" or across "the year of 2025" for employees who were on protected leave for a portion of that period, and some of the produced reviews reference the employee's leave itself. *See* Dkt. Nos. 34–37, 39. Four exemplars from Meta's own production, true and correct copies of which are attached under seal as **Exhibits C-1 through C-4**, are described in the following paragraphs by Doe designation.

12. **Doe 22.** The produced year-end 2025 performance review of Doe 22, a manager, Bates-numbered Meta_Lumen_04010–12, is attached as **Exhibit C-1** and contains "n/a" in every substantive review field—the rating rationale, the impact assessment, the team-support

assessment, the strengths, and the growth areas. In the section captioned "2025 Year-end Ratings & Promos Calibration Notes," the field labeled "Rating" reads: "Leave of Absence." The employee's protected-leave status is recorded as his rating, on the face of the calibration document generated by Meta's performance-review system. The only substantive text in the review is his director's suggestion that, "coupled with the recent AI improvements," Doe 22 switch from management into an individual-contributor role in 2026.

13. **Doe 7.** The produced year-end 2025 performance review of Doe 7, Bates-numbered Meta_Lumen_06014–17, is attached as **Exhibit C-2** and states in its rating rationale that "during the entire year" she "consistently met expectations across all [her] responsibilities . . . despite being out on medical leave for 8 weeks in H2," and separately credits, under "Additional Context," that she "[m]aintained momentum on strategic initiatives during and after medical leave." The review thus references the employee's protected leave on its face, evaluates the entire calendar year without proration, and treats sustaining output during medical leave as a favorable rating factor.

14. **Doe 21.** The produced year-end 2025 performance review of Doe 21, Bates-numbered Meta_Lumen_04366–69, is attached as **Exhibit C-3** and assigns a rating of "Meets Most Expectations"—the rating band Meta has identified as a selection criterion in the RIF—and states that the rating reflects "impact throughout the year." The review faults the employee because a pilot initiative "stalled" and "the work stream lost momentum," during a period between two protected medical leaves wherein the employee had asked for but been denied a disability accommodation.

15. **Doe 9.** The produced year-end 2025 performance review of Doe 9, Bates-numbered Meta_Lumen_04796–98, is attached as **Exhibit C-4**; it was separately filed as Exhibit G to her

supplemental declaration (Dkt. No. 35), and states that she "demonstrated a strong ability to meet and exceed expectations throughout the year," with no reference to, or adjustment for, the months of protected leave she took during that year.

**The Department of Labor LCA Disclosure Data**

16. Attached as Exhibit F to the accompanying Request for Judicial Notice is a true and correct excerpt of the United States Department of Labor's public LCA Programs disclosure data file for the second quarter of fiscal year 2026, which I downloaded from the Department of Labor's Office of Foreign Labor Certification public disclosure webpage on August 10, 2026.

17. I filtered the disclosure data to Labor Condition Applications listing a Meta Platforms, Inc. worksite in Bellevue, Washington, with a job title of "Software Engineer" or a variant thereof, excluding managerial roles, certified between January 29 and March 31, 2026, with an employment begin date between May 25, 2026 and September 8, 2026. That filtering yielded 101 certified positions. Of those 101 certifications: 27 are designated as new employment; 72 are designated as changes to previously approved employment; 50 are certified at prevailing-wage level III or IV; and three bear the exact title "Software Engineer, Machine Learning." The excerpt attached as **Exhibit H** reflects the filtered rows and the fields on which I filtered.

**The July 16, 2026 Hearing Transcript**

18. Attached as **Exhibit I** is a true and correct copy of the certified transcript of the proceedings held before this Court on July 16, 2026, on Plaintiffs' application for a temporary restraining order, prepared by Official Stenographic Reporter Kelly Shainline and certified on July 22, 2026.

21. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 17, 2026, at Valley Center, California.

Andrea Mazingo

Andrea Mazingo