# Exhibit A

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Declaration of Andrea Mazingo in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

# EXHIBIT A

AAA Filing Confirmation of Arbitration Demands Served on Behalf of Each Plaintiff (July 14, 2026)
*(Retained by counsel)*

## FILED UNDER SEAL

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

# Exhibit B

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Declaration of Andrea Mazingo in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

# EXHIBIT B

Written Requests Served on Meta on Behalf of the California Plaintiffs Pursuant to California Labor Code Sections 226, 432, and 1198.5 (June 1, June 5, June 16, June 23, and July 3, 2026)
*(Retained by counsel)*

## FILED UNDER SEAL

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

# Exhibit C-1

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Declaration of Andrea Mazingo in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

# EXHIBIT C-1

Produced Year-End 2025 Performance Review of Doe 22
*(Meta_Lumen_04010–12)*

## FILED UNDER SEAL

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

# Exhibit C-2

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Declaration of Andrea Mazingo in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

# EXHIBIT C-2

Produced Year-End 2025 Performance Review of Doe 7
*(Meta_Lumen_06014–17)*

## FILED UNDER SEAL

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

# Exhibit C-3

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Declaration of Andrea Mazingo in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

# EXHIBIT C-3

Produced Year-End 2025 Performance Review of Doe 21
*(Meta_Lumen_04366–69)*

## FILED UNDER SEAL

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

# Exhibit C-4

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Declaration of Andrea Mazingo in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

# EXHIBIT C-4

Produced Year-End 2025 Performance Review of Doe 9
*(Meta_Lumen_04796–98)*

## FILED UNDER SEAL

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

# Exhibit D

LUMEN
LAW CENTER

Andrea Mazingo <andi@lumenlawcenter.com>

# Does 1-26 v. Meta Platforms, Inc.—Notice of Deficiencies in Labor Code §§ 226, 432, 1198.5 Productions

**Goldsmith, Lauren M.** <lgoldsmith@orrick.com> Wed, Aug 5, 2026 at 6:53 AM
To: Andrea Mazingo <andi@lumenlawcenter.com>, "Tauber, Dixie" <dtauber@orrick.com>
Cc: "Connell, Erin M." <econnell@orrick.com>, Rebecca Houlding <rebecca@houldinglaw.com>, Brandi Cowan <brandi@wpa.law>, Syl Ceja-Gonzalez <info@lumenlawcenter.com>

Andi,

We respond briefly.

**Scope.** Section 1198.5 covers "personnel records that the employer maintains relating to the employee's performance." What you are demanding is not that. You demand "the AI Adoption dashboard"; "AI4PM workstream dashboards and the underlying data-science queries"; "organization-built token-spend leaderboards and threshold-flag rankings"; "adoption metrics including powerWAU and dWAU-90"; "per-employee tool-by-day usage dashboards, including usage of Metamate, Manus, and similar tools and any categorization of the associated work"; "AI native scores"; "the revision history reflecting who entered or modified the Claimant's rating and when"; and "manager or skip-level communications concerning the Claimant's AI usage." None of this is a personnel record. These are discovery requests in disguise, served outside any discovery framework and without the procedural protections that would ordinarily attend requests of this breadth. *Cortez* held that a supervisor's unsigned year-end review is a personnel record. It did not convert every system a manager might theoretically have access to into a producible record under § 1198.5. And we do not concede that any manager or decision-maker consulted, had access to, or relied upon the systems (to the extent they exist) you have named in evaluating or selecting any Claimant. Your correspondence simply assumes that connection; it has not been established.

With respect to the Model Capability Initiative, which Meta has acknowledged, its existence as an internal tool does not make the data it generates a "personnel record" any more than the existence of an email server makes every email a personnel record. As to the remaining systems you have named, Meta is not in a position to confirm or deny the existence, architecture, or contents of every internal tool or dashboard referenced in your correspondence, nor is it required to do so. The statute does not obligate an employer to inventory its technology stack in response to a speculative demand list.

**Calibration notes.** These are internal management deliberations. They are not final performance records communicated to the employee. *Cortez* addressed a <u>completed</u> year-end review the employer withheld, not internal deliberative materials that inform the review. Meta produced each Claimant's final year-end and mid-year reviews. That satisfies the statute.

**§ 1198.5(n).** To clarify, Meta is not withholding responsive personnel records on the basis that its obligations have "ceased" under subsection (n). Meta's position is that it has already produced each Claimant's personnel records and that the additional categories you demand are not personnel records regardless of whether subsection (n) applies. Your correspondence characterizes our position as a refusal to comply based on a timing technicality. It is not. Our position is substantive: the records you seek are not within the scope of the statute, and we would take the same position whether or not this litigation were pending.

None of the authority you have cited supports your position that these are personnel records within the meaning of the statute. Your correspondence relies heavily on *Cortez*, but that case does not address—much less require—the production of any of the disputed categories of records at issue here. Again, *Cortez* involved a withheld year-end performance review. You have not cited—because to our knowledge it does not exist—any binding or persuasive authority holding that the records plaintiffs demand constitutes "personnel

records" under § 1198.5. If you are aware of such authority, we invite you to provide it. In its absence, we are not prepared to treat your characterization of these records as settled law.

**§ 432.** The statute requires production of instruments the employee signed. It does not require production of instruments that do not exist, nor of internal policies communicated generally to all employees as distinct from individually executed agreements. We are reviewing what, if any, additional signed instruments beyond the CIIAAs already produced may be responsive and will supplement as appropriate.

**Your motion threat.** Converting a personnel-file dispute into emergency PI briefing is unlikely to be well-received by the Court, particularly when the records you seek are not personnel records in the first instance.

We are available for a call if you wish to discuss.

Thanks,

Lauren

---

**From:** Andrea Mazingo <andi@lumenlawcenter.com>
**Sent:** Wednesday, July 29, 2026 10:27 PM
**To:** Tauber, Dixie <dtauber@orrick.com>
**Cc:** Connell, Erin M. <econnell@orrick.com>; Goldsmith, Lauren M. <lgoldsmith@orrick.com>; Rebecca Houlding <rebecca@houldinglaw.com>; Brandi Cowan <brandi@wpa.law>; Syl Ceja-Gonzalez <info@lumenlawcenter.com>
**Subject:** Re: Does 1-26 v. Meta Platforms, Inc.—Notice of Deficiencies in Labor Code §§ 226, 432, 1198.5 Productions

**[EXTERNAL]**

Dixie,

Thank you for the response. A few points in reply:

The thirty-day deadline for compliance under § 1198.5 elapsed for multiple Claimants before we filed the preliminary-injunction action on July 13, 2026. For the following Claimants, the inspection requests were served on June 1 or June 5, 2026, rendering the productions due July 1 or July 6, 2026, respectively, and thus due before the July 13, 2026 filing: Does 2, 6, 8, 16, 17 (requests on 6/1/2026; files due 7/1/2026) and Does 1, 4, 5, 12, 18, 24 (requests on 6/5/2026; files due 7/6/2026). As detailed in our July 23, 2026 Notice of Deficiencies, each of these productions omitted entire categories of responsive records—among them calibration-note content, peer and self-reviews (each referenced on the face of the produced reviews themselves), AI-use dashboards, and monitoring data. Partial production is not compliance. *Cortez*, 2018 U.S. Dist. LEXIS 227201, at *40–41. For these eleven Claimants, the violation was complete before this action was filed; subsection (n), which by its terms operates only "during the pendency" of a lawsuit, cannot reach backward in time to excuse a deadline that had already passed.

Even with respect to the remaining Does whose compliance deadline passed post-filing, subsection (n) does not do the work Meta asks of it, because their inspection requests were served before any lawsuit was filed. Subsection (n) suspends the right to serve *new* inspection demands while the action is pending; it "says nothing about the right to injunctive relief" for obligations attached to a pre-suit request, and a contrary reading "guts the injunctive relief provision" of subdivision (l)—a "nonsensical result" the Legislature "cannot have intended." *Zaman v. Kelly Servs., Inc.*, No. 15-cv-04601-HRL, 2017 WL 106322, at *9–11 (N.D. Cal. Jan. 11, 2017) (denying employer's Rule 12(c) motion premised on the position that subsection (n) extinguished the plaintiff's § 1198.5 remedies upon the filing of his employment lawsuit); *Austin v. Tesla Motors, Inc.*, No. 23-cv-00067-AGT, 2023 WL 4240143, at *1–2 (N.D. Cal. June 27, 2023) (sustaining a § 1198.5(l) injunctive-relief claim asserted within the employee's pending employment lawsuit, citing *Zaman* as "explaining that the right to pursue injunctive relief isn't eliminated by subsection (n)"); *see also Gibbs v. County of Humboldt*, 120 Cal. App. 5th 565, 576–77, 579–80 (2026) (§ 1198.5 was "clearly designed to provide employees with the right to inspect their

personnel records," an employee denied access "is entitled . . . to seek judicial relief," and the statutory remedies are not displaced by the availability of some other judicial channel), *petition for review pending* (*review filed* June 22, 2026).

Applicable law disposes of Meta's position even on Meta's own framing. But Meta's framing is also wrong, because there is no "lawsuit . . . in the court with original jurisdiction" over a personnel matter within the meaning of subsection (n), given where the merits of the disputes will be resolved. Under the Mutual Arbitration Agreement Meta itself drafted and required as a condition of employment, every claim "relat[ing] to Employee's recruitment, employment or separation" is committed exclusively to arbitration; the sole judicial proceeding the Agreement permits is one for "temporary or preliminary injunctive relief... in aid of arbitration or to maintain the status quo pending arbitration"—which is precisely, and only, what the pending federal action is. Meta cannot simultaneously maintain that the merits of Claimants' personnel matters belong exclusively to the arbitral forum and that the Court presently exercises original jurisdiction over the merits, such that civil discovery processes have supplanted the statutory right. Subsection (n) would therefore be inapplicable even absent the cited case law.

Separately, your letter does not address Labor Code § 432, under which each Claimant has demanded copies of every instrument they signed relating to obtaining or holding employment. Section 432 contains no analogue to § 1198.5(n): if a Claimant signed it, Meta must provide it on request, litigation or not. That obligation reaches, among other things, every electronically signed policy attestation, acceptable-use acknowledgment, AI-tool terms acceptance, and keystroke monitoring consent. The CIIAAs Meta has produced contained a monitoring acknowledgement limited to security and property inspection; they contain no consent to individualized AI-adoption metrics or their use in performance evaluation or termination selection. If Meta contends any Claimant signed any instrument consenting to those uses, § 432 requires its production; if no such instrument exists, please affirmatively state the same. **Please produce these for each Claimant by August 6, 2026.**

In addition, on scope: § 1198.5(a) reaches records "relating to the employee's performance." Cal Lab Code § 1198.5. Meta's written 2025 performance guidance made "AI Driven Impact" an express performance expectation and embedded it in the review template itself, which prompted managers to assess "impact achieved . . . , which includes AI-driven impact"; Meta engineering leadership acknowledged in writing that individual token usage was "used as a proxy for performance"; and the AI-adoption dashboards at issue were maintained at the individual-employee level and regularly monitored by evaluating managers. Records that Meta itself built into its rating process are records relating to performance—that is not a liberal reading of the statute. Meta's own filings confirm the point. The Doan declaration is careful to deny only the selection layer: AI-adoption metrics "were not selection criteria," and AI "did not calculate performance scores." But the same declaration confirms that the selection criteria *were* performance ratings—employees rated "Met Most Expectations" or below were flagged for impact. And the record now before the Court shows that the ratings layer is where the AI-adoption data operated: at least one Meta employee was told in writing that "low AI adoption" was a contributing factor to a 2025 "Meets Most" rating, and in April 2026 Meta engineering leadership acknowledged in writing that token usage "had been used as a proxy for performance" and announced that managers would be instructed not to use token usage to justify individual performance ratings—a corrective instruction that concedes the practice it corrects. Data that fed the ratings that drove the selections "relat[es] to the employee's performance" under any construction of § 1198.5(a). Notably, the Doan declaration nowhere states that Claimants' ratings themselves were unaffected by AI-adoption data.

*Cortez* does not narrow the statute to signed year-end reviews; it holds the opposite. There, the employer argued that unsigned performance reviews in a supervisor's possession were "not part of her personnel file" and thus outside § 1198.5. The court granted the *employee* summary judgment, holding that the statute "makes no distinction between signed, filed records and those maintained by the former employee's supervisor," 2018 U.S. Dist. LEXIS 227201, at *40–41, and the Ninth Circuit affirmed because records in the supervisor's possession "created as part of his management duties . . . qualified as personnel records." 2021 U.S. App. LEXIS 22534, at *6. Section 1198.5 reaches what the employer maintains relating to performance—wherever located and by whomever kept—not what the employer elects to place in a folder labeled "personnel file." The AI-adoption dashboards and calibration notes that Meta's managers maintained and consulted in rating Claimants are precisely the supervisor-maintained performance records *Cortez* holds the statute covers.

To remove any ambiguity about the systems our July 23 notice reaches, the responsive records include, in addition to those previously identified, each Claimant's records within: the AI Adoption dashboard referenced in Meta engineering leadership's April 2026 post; the AI4PM workstream dashboards and the underlying data-science queries; organization-built token-spend leaderboards and threshold-flag rankings; adoption metrics including powerWAU and dWAU-90; per-employee tool-by-day usage dashboards, including usage of Metamate, Manus, and similar tools and any categorization of the associated work; "AI native" scores; and the "Model Capability Initiative" activity-monitoring tool identified by name in the Doan declaration. As to the last: that the tool launched on April 22, 2026, and that Human Resources assertedly lacks access to it, are not grounds for withholding each Claimant's data. The RIF notices issued four weeks after the tool's launch, and the declaration concedes that only "some" selection decisions were documented by then.

For each Claimant, the production should include that Claimant's rows, entries, scores, rankings, percentile placements, and threshold flags in each such system, together with the daily-granularity underlying usage data, including how PTO, holiday, Recharge, and protected-leave days were recorded. It should further include each Claimant's performance-review

record as rendered in Checkpoint, including template prompts and any AI-assisted aggregation or synthesis of peer feedback, together with the revision history reflecting who entered or modified the Claimant's rating and when; and any manager or skip-level communications concerning the Claimant's AI usage, which are supervisor-maintained performance records under *Cortez*. If Meta withholds any responsive record on a claim of privilege, please identify the record and the specific basis for the assertion in writing.

We accept Meta's production of education and training records, without prejudice to the foregoing. Please confirm, for each Claimant, once the production is complete, and where no training records exist for a Claimant on leave-neutral evaluation or selection practices, please state so expressly. **Please produce these for each Claimant by August 6, 2026.**

Given Meta's position that its obligations under § 1198.5 have ceased, Claimants will need to seek injunctive relief from the Court, including by raising the issue in Does' reply in support of the pending motion for preliminary injunction. These records are not sought as a substitute for discovery; they are the subject of a freestanding statutory right that attached before this action was filed—and they now bear directly on issues the Court itself has placed at the center of the preliminary-injunction record. The Court's July 17, 2026 Order directed Meta to explain how and why Does 4, 9, 15, and 26 were selected. Meta responded with a declaration making specific, comparative factual assertions about each: that Doe 4's and Doe 26's "historical performance was lower" than that of retained peers; that Doe 15 received a "Met Most Expectations" rating; and that Doe 9 "lacked" a specialized skill set. Those assertions are drawn from precisely the records Meta now declines to produce. Meta cannot characterize each Doe's performance record to the Court while denying those same individuals their statutory right to copies of the records themselves—records they need to test, and where warranted rebut, those characterizations in the reply. Does' good reason for failure to raise the issue before is clear—for some Claimants the compliance deadlines had not yet run at filing, and for the early cohorts the deficiencies in Meta's July 1 and July 6 productions were still the subject of the meet-and-confer process (our July 23 notice and your response) which Meta's position that its obligations have "ceased" has now brought to impasse.

The motion will carry fee and penalty consequences for Meta: the § 1198.5(k) penalty, owed as to each Claimant, and fees under § 1198.5(l), which expressly provides that "[a] current or former employee may also bring an action for injunctive relief to obtain compliance with this section, and may recover costs and reasonable attorney's fees in such an action." Cal. Lab. Code § 1198.5(k)-(l); *see also Zaman v. Kelly Servs., Inc.*, 2017 WL 2335601, at *5–6 (N.D. Cal. May 30, 2017) (awarding the plaintiff his attorney's fees on a catalyst theory, holding that the pre-suit written demand satisfied the requirement of attempted pre-litigation resolution and that enforcement of personnel-record access rights serves an important public interest). Here, that exposure runs across twenty-six Claimants, each of whom served a written request with which Meta has not fully complied, and as to which Meta now disclaims any further obligation.

We would like to reach a mutually agreeable resolution to these issues and remain available to meet and confer.

Best regards,

Andi

On Tue, Jul 28, 2026 at 5:39 PM Tauber, Dixie <dtauber@orrick.com> wrote:

> Andi,
>
> Although your e-mail asserts that your clients are entitled to an extensive list of documents under California Labor Code § 1198.5—including surveillance records; keystroke, screen, and activity monitoring data; AI use dashboards; AI outputs; and various other documents including calibration notes—neither the law nor the case law you provided supports your claim that these records are part of employees' personnel files. To the contrary, in *Cortez v. Chipotle Mexican Grill*, the court ruled only that the defendant employer could not exclude *year-end* performance reviews from the plaintiff employee's personnel file on the ground that those documents were unsigned. No. CV 17-4787-GW(JPRx), 2018 U.S. Dist. LEXIS 227201, slip op. at *40 – 41 (C.D. Cal. Aug. 9, 2018). Here, Meta already has provided not only each claimant's final year-end performance reviews, but also each claimant's mid-year review or "signal." This is more than sufficient. Because the additional documents you request are not in any way required, Meta will not be producing them, nor will we be providing information about custodians or Meta's search history.

Additionally, because claimants have now initiated a lawsuit against Meta, their ability to seek their personnel files under § 1198.5 has ceased. California Labor Code § 1198.5(n) ("If an employee or former employee files a lawsuit that relates to a personnel matter against their employer or former employer, the right of the employee, former employee, or their representative to inspect or copy personnel records under this section ceases during the pendency of the lawsuit in the court with original jurisdiction."). Thus, Meta is not required to produce any additional documents, even if they were part of claimants' personnel files, which they are not. Nonetheless, in the spirit of compromise, we will provide education and training records to the extent they exist.

---

**From:** Andrea Mazingo <andi@lumenlawcenter.com>
**Sent:** Thursday, July 23, 2026 5:59 PM
**To:** Connell, Erin M. <econnell@orrick.com>
**Cc:** Goldsmith, Lauren M. <lgoldsmith@orrick.com>; Tauber, Dixie <dtauber@orrick.com>; Rebecca Houlding <rebecca@houldinglaw.com>; Brandi Cowan <brandi@wpa.law>; Syl Ceja-Gonzalez <info@lumenlawcenter.com>
**Subject:** Does 1-26 v. Meta Platforms, Inc.—Notice of Deficiencies in Labor Code §§ 226, 432, 1198.5 Productions

**[EXTERNAL]**

Dear Ms. Connell:

We write regarding the productions Meta has made in response to Claimants' June 1, 5, 16, and 23, and July 3, 2026 records requests under California Labor Code §§ 226, 432, and 1198.5 and the analogous statutes cited therein.

The productions uniformly exclude the following categories of records expressly identified in our request: calibration notes; peer reviews; self-reviews; manager pulse scores; education and training notices and records (required as of January 1, 2026 per amended § 1198.5); employee surveillance records; keystroke, screen, and activity monitoring data (and any signed consents thereto under § 432); AI use dashboards; and AI outputs. *See* Cal. Lab. Code § 1198.5, as amended by Stats. 2012, ch. 842, § 1 (defining right to inspect and receive copies of "the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee"); *Wellpoint Health Networks, Inc. v. Superior Court*, 59 Cal.App.4th 110, 124–25 (1997) (holding that compliance with § 1198.5 mandates "unconstrained" employee access to personnel records "wherever located" within various departments); *Cortez v. Chipotle Mexican Grill, Inc.*, 2018 U.S. Dist. LEXIS 227201, at *40–41 (C.D. Cal. Aug. 9, 2018) (granting employee summary judgment under § 1198.5 where the employer's response omitted performance records maintained by her supervisor), *aff'd*, No. 19-56354, 2021 U.S. App. LEXIS 22534, at *6 (9th Cir. July 29, 2021) (unpublished) (records "in [the supervisor's] possession" that were "created as part of his management duties . . . qualified as personnel records").

Please note that the "Calibration Notes" header within Claimants' reviews are produced, but the actual content is missing. The reviews also note "[y]our self-review and feedback about you can be downloaded for personal use," making the existence yet absence of the peer- and self-reviews similarly apparent.

Please confirm in writing, for each category, whether Meta is (a) withholding responsive records on the ground that they fall outside the scope of §§ 226, 432, or 1198.5—and if so, the specific basis for that

position—or (b) representing, after a diligent search, that no such records exist for any Claimant.

With respect to AI scoring outputs and surveillance and monitoring records specifically, please identify: (1) which custodians (*i.e.,* managers, skip-levels, VPs, HR, upper-level leadership) were asked about which systems, including but not limited to AI systems Metamate, Checkpoint, and Cali and any Second Brain or comparable agent configurations, such as Claudecode, Myclaw, and Gemini; and (2) what repositories, system logs, or AI agent discussion instances were searched and on what dates. *See Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1071–72 (9th Cir. 2020) (applying California's rule that statutes predating a technology or practice are construed to reach it, per *Apple Inc. v. Superior Court*, 56 Cal.4th 128 (2013), rather than given a "wooden construction" that excludes it).

Given the outstanding statutory deadlines that passed with respect to some Claimants as early as July 1, 2026, and associated penalties, we ask for your written response by July 30. We also are available to meet and confer. We reserve all rights, including under Labor Code §§ 226(h) and 1198.5(l).

Best regards,

Andi Mazingo

--

**Andrea ("Andi") Mazingo**

Founding Attorney

Lumen Law Center

8605 Santa Monica Blvd PMB 832031

West Hollywood, CA 90069

Phone: 310-269-6739

Email: andi@lumenlawcenter.com

Website: www.lumenlawcenter.com

**Institutional Coherence Initiative**

**Founding Humanity Partner**

*#InitiateHumanCoherence*

*Privilege and Confidentiality Notice: This email and any attachments are confidential and may contain privileged information intended solely for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, please*

*notify the sender immediately by replying to this email and delete the original message and all copies. Any unauthorized review, use, disclosure, or distribution of this email is strictly prohibited. Thank you for your cooperation.*

---

**NOTICE TO RECIPIENT |** This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

--

LUMEN LAW CENTER

**Andrea ("Andi") Mazingo**

Founding Attorney

Lumen Law Center

8605 Santa Monica Blvd PMB 832031

West Hollywood, CA 90069

Phone: 310-269-6739

Email: andi@lumenlawcenter.com

Website: www.lumenlawcenter.com

**Institutional Coherence Initiative**

**Founding Humanity Partner**

*#InitiateHumanCoherence*

*Privilege and Confidentiality Notice: This email and any attachments are confidential and may contain privileged information intended solely for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, please notify the sender immediately by replying to this email and delete the original message and all copies. Any unauthorized review, use, disclosure, or distribution of this email is strictly prohibited. Thank you for your cooperation.*

---

**NOTICE TO RECIPIENT |** This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

# Exhibit E

This page is intentionally left as a placeholder. No corresponding exhibit is submitted.

# Exhibit F

---

This page is intentionally left as a placeholder. No corresponding exhibit is submitted.

# Exhibit G

*Does 1–26 v. Meta Platforms, Inc.*
Case No. 3:26-cv-07122-WHO (N.D. Cal.)
Declaration of Andrea Mazingo in Support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction

# EXHIBIT G

Doe 18's Produced Education and Training Records
*(Meta_Lumen_06228)*

## FILED UNDER SEAL

This exhibit consists entirely of confidential material and is omitted in full from the public version of this filing. An unredacted copy of this exhibit is being lodged under seal pursuant to Plaintiffs' Administrative Motion to File Under Seal, Civil Local Rule 79-5, and Judge Orrick's Standing Order on Administrative Motions to File Under Seal (Sept. 2022), and served on Defendant concurrently. Because this exhibit is sought to be sealed in its entirety, and no portion of it is proposed for public disclosure, the highlighting convention of Civil Local Rule 79-5(d)(1)(D), which identifies partial redactions, is inapplicable to it.

# Exhibit H

| CASE_NUMBER | CASE_STATUS | RECEIVED_DATE | DECISION_DATE | ORIGINAL_CERT_DATE | VISA_CLASS | JOB_TITLE | SOC_CODE | SOC_TITLE | FULL_TIME_POSITION | BEGIN_DATE | END_DATE | TOTAL_WORKER_POSITIONS | NEW_EMPLOYMENT | CONTINUED_EMPLOYMENT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| I-200-26083-724352 | Certified | 3/24/2026 | 3/31/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 9/1/2026 | 8/31/2029 | 1 | 1 | 0 |
| I-200-26083-724351 | Certified | 3/24/2026 | 3/31/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 9/1/2026 | 8/31/2029 | 1 | 1 | 0 |
| I-200-26083-724349 | Certified | 3/24/2026 | 3/31/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 9/1/2026 | 8/31/2029 | 1 | 1 | 0 |
| I-200-26083-724328 | Certified | 3/24/2026 | 3/31/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 9/1/2026 | 8/31/2029 | 1 | 1 | 0 |
| I-200-26083-724333 | Certified | 3/24/2026 | 3/31/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 9/1/2026 | 8/31/2029 | 1 | 1 | 0 |
| I-200-26083-724376 | Certified | 3/24/2026 | 3/31/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 9/1/2026 | 8/31/2029 | 1 | 1 | 0 |
| I-200-26083-724419 | Certified | 3/24/2026 | 3/31/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 9/1/2026 | 8/31/2029 | 1 | 1 | 0 |
| I-200-26083-724445 | Certified | 3/24/2026 | 3/31/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 9/1/2026 | 8/31/2029 | 1 | 1 | 0 |
| I-200-26083-724836 | Certified | 3/24/2026 | 3/31/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/16/2026 | 7/15/2029 | 1 | 1 | 0 |
| I-200-26083-724357 | Certified | 3/24/2026 | 3/31/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 9/1/2026 | 8/31/2029 | 1 | 1 | 0 |
| I-200-26083-724336 | Certified | 3/24/2026 | 3/31/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 9/1/2026 | 8/31/2029 | 1 | 1 | 0 |
| I-200-26083-724373 | Certified | 3/24/2026 | 3/31/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 9/1/2026 | 8/31/2029 | 1 | 1 | 0 |
| I-200-26083-724472 | Certified | 3/24/2026 | 3/31/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 9/1/2026 | 8/31/2029 | 1 | 1 | 0 |
| I-200-26083-724633 | Certified | 3/24/2026 | 3/31/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/16/2026 | 7/15/2029 | 1 | 1 | 0 |
| I-200-26083-724354 | Certified | 3/24/2026 | 3/31/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 9/1/2026 | 8/31/2029 | 1 | 1 | 0 |
| I-200-26083-724345 | Certified | 3/24/2026 | 3/31/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 9/1/2026 | 8/31/2029 | 1 | 1 | 0 |
| I-200-26083-724938 | Certified | 3/24/2026 | 3/31/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/16/2026 | 7/15/2029 | 1 | 1 | 0 |
| I-200-26082-721188 | Certified | 3/23/2026 | 3/30/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 9/1/2026 | 8/31/2029 | 1 | 1 | 0 |
| I-200-26082-721178 | Certified | 3/23/2026 | 3/30/2026 | | H-1B | Software Engineer, Machine Learning | 15-1252.00 | Software Developers | Y | 9/1/2026 | 8/31/2029 | 1 | 1 | 0 |
| I-200-26076-707729 | Certified | 3/17/2026 | 3/24/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 9/1/2026 | 8/31/2029 | 1 | 1 | 0 |
| I-200-26076-707650 | Certified | 3/17/2026 | 3/24/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 9/1/2026 | 8/31/2029 | 1 | 1 | 0 |
| I-200-26072-701013 | Certified | 3/13/2026 | 3/20/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 9/1/2026 | 8/31/2029 | 1 | 1 | 0 |
| I-200-26070-694450 | Certified | 3/11/2026 | 3/18/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 9/8/2026 | 9/7/2029 | 1 | 0 | 0 |
| I-200-26068-687782 | Certified | 3/9/2026 | 3/16/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 9/3/2026 | 9/2/2029 | 1 | 0 | 0 |
| I-200-26065-684352 | Certified | 3/6/2026 | 3/13/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 9/2/2026 | 9/1/2029 | 1 | 0 | 0 |
| I-200-26061-672004 | Certified | 3/2/2026 | 3/9/2026 | | H-1B | Machine Learning Engineer | 15-1252.00 | Software Developers | Y | 8/27/2026 | 8/26/2029 | 1 | 0 | 0 |
| I-200-26061-672014 | Certified | 3/2/2026 | 3/9/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 8/22/2026 | 8/21/2029 | 1 | 0 | 0 |
| I-200-26061-672030 | Certified | 3/2/2026 | 3/9/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 8/26/2026 | 8/25/2029 | 1 | 0 | 0 |
| I-200-26058-668402 | Certified | 2/27/2026 | 3/6/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 8/26/2026 | 8/25/2029 | 1 | 0 | 0 |
| I-200-26058-668377 | Certified | 2/27/2026 | 3/6/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 8/27/2026 | 8/26/2029 | 1 | 0 | 0 |
| I-200-26058-668449 | Certified | 2/27/2026 | 3/6/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 8/26/2026 | 8/25/2029 | 1 | 0 | 0 |
| I-200-26058-668322 | Certified | 2/26/2026 | 3/5/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 8/27/2026 | 8/26/2029 | 1 | 0 | 0 |
| I-200-26056-662565 | Certified | 2/25/2026 | 3/4/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 8/25/2026 | 8/24/2029 | 1 | 0 | 0 |
| I-200-26055-659409 | Certified | 2/24/2026 | 3/3/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 8/10/2026 | 8/9/2029 | 1 | 0 | 0 |
| I-200-26055-659540 | Certified | 2/24/2026 | 3/3/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 8/20/2026 | 8/19/2029 | 1 | 0 | 0 |
| I-200-26055-659501 | Certified | 2/24/2026 | 3/3/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 8/22/2026 | 8/21/2029 | 1 | 0 | 0 |
| I-200-26054-656709 | Certified | 2/23/2026 | 3/2/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 8/21/2026 | 8/20/2029 | 1 | 0 | 0 |
| I-200-26051-653240 | Certified | 2/19/2026 | 2/26/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 8/19/2026 | 8/18/2029 | 1 | 0 | 0 |
| I-200-26049-647282 | Certified | 2/18/2026 | 2/25/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 8/15/2026 | 8/14/2029 | 1 | 0 | 0 |
| I-200-26049-647356 | Certified | 2/18/2026 | 2/25/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 8/15/2026 | 8/14/2029 | 1 | 0 | 0 |
| I-200-26044-638829 | Certified | 2/13/2026 | 2/23/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/17/2026 | 7/16/2029 | 1 | 0 | 0 |
| I-200-26044-638792 | Certified | 2/13/2026 | 2/23/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 8/13/2026 | 8/12/2029 | 1 | 0 | 0 |
| I-200-26041-629799 | Certified | 2/10/2026 | 2/18/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 8/7/2026 | 8/6/2029 | 1 | 0 | 0 |
| I-200-26040-627132 | Certified | 2/8/2026 | 2/13/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 8/4/2026 | 8/3/2029 | 1 | 0 | 0 |
| I-200-26037-623917 | Certified | 2/6/2026 | 2/13/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 8/6/2026 | 8/5/2029 | 1 | 0 | 0 |
| I-200-26029-599953 | Certified | 1/29/2026 | 2/5/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/29/2026 | 7/28/2029 | 1 | 0 | 0 |
| I-200-26028-596186 | Certified | 1/28/2026 | 2/4/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/25/2026 | 7/24/2029 | 1 | 0 | 0 |
| I-200-26028-596171 | Certified | 1/28/2026 | 2/4/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/21/2026 | 7/20/2029 | 1 | 0 | 0 |
| I-200-26028-596087 | Certified | 1/28/2026 | 2/4/2026 | | H-1B | Software Engineer | 15-2051.00 | Data Scientists | Y | 7/24/2026 | 7/23/2029 | 1 | 0 | 0 |
| I-200-26028-596211 | Certified | 1/28/2026 | 2/4/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/25/2026 | 7/24/2029 | 1 | 0 | 0 |
| I-200-26028-596181 | Certified | 1/28/2026 | 2/4/2026 | | H-1B | Software Engineer, Machine Learning | 15-1252.00 | Software Developers | Y | 7/24/2026 | 7/23/2029 | 1 | 0 | 0 |
| I-200-26028-596199 | Certified | 1/28/2026 | 2/4/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/23/2026 | 7/22/2029 | 1 | 0 | 0 |
| I-200-26027-592437 | Certified | 1/27/2026 | 2/3/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/10/2026 | 7/9/2029 | 1 | 0 | 0 |
| I-200-26028-596045 | Certified | 1/27/2026 | 2/3/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/18/2026 | 7/17/2029 | 1 | 0 | 0 |
| I-200-26027-592435 | Certified | 1/27/2026 | 2/3/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/24/2026 | 7/23/2029 | 1 | 0 | 0 |
| I-200-26028-596058 | Certified | 1/27/2026 | 2/3/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/21/2026 | 7/20/2029 | 1 | 0 | 0 |
| I-200-26027-592481 | Certified | 1/27/2026 | 2/3/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/21/2026 | 7/20/2029 | 1 | 0 | 0 |
| I-200-26027-592322 | Certified | 1/26/2026 | 2/2/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/21/2026 | 7/20/2029 | 1 | 0 | 0 |
| I-200-26027-592317 | Certified | 1/26/2026 | 2/2/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/16/2026 | 7/15/2029 | 1 | 0 | 0 |
| I-200-26027-592347 | Certified | 1/26/2026 | 2/2/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/11/2026 | 7/10/2029 | 1 | 0 | 0 |
| I-200-26022-581550 | Certified | 1/22/2026 | 1/29/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/18/2026 | 7/17/2029 | 1 | 0 | 0 |
| I-200-26022-581267 | Certified | 1/22/2026 | 1/29/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/23/2026 | 7/22/2029 | 1 | 0 | 0 |
| I-200-26022-581330 | Certified | 1/22/2026 | 1/29/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/16/2026 | 7/15/2029 | 1 | 0 | 0 |
| I-200-26022-581373 | Certified | 1/22/2026 | 1/29/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/16/2026 | 7/15/2029 | 1 | 0 | 0 |
| I-200-26021-574567 | Certified | 1/21/2026 | 1/28/2026 | | H-1B | Software Engineer, Machine Learning | 15-1252.00 | Software Developers | Y | 7/18/2026 | 7/17/2029 | 1 | 0 | 0 |
| I-200-26021-574804 | Certified | 1/21/2026 | 1/28/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/16/2026 | 7/15/2029 | 1 | 1 | 0 |
| I-200-26021-574615 | Certified | 1/21/2026 | 1/28/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/21/2026 | 7/20/2029 | 1 | 0 | 0 |
| I-200-26021-574893 | Certified | 1/21/2026 | 1/28/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/16/2026 | 7/15/2029 | 1 | 1 | 0 |
| I-200-26021-574572 | Certified | 1/21/2026 | 1/28/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/18/2026 | 7/17/2029 | 1 | 0 | 0 |
| I-200-26021-574909 | Certified | 1/21/2026 | 1/28/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/16/2026 | 7/15/2029 | 1 | 1 | 0 |
| I-200-26020-570693 | Certified | 1/20/2026 | 1/27/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/14/2026 | 7/13/2029 | 1 | 0 | 0 |
| I-200-26020-570714 | Certified | 1/20/2026 | 1/27/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/16/2026 | 7/15/2029 | 1 | 1 | 0 |
| I-200-26020-570677 | Certified | 1/20/2026 | 1/27/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/16/2026 | 7/15/2029 | 1 | 0 | 0 |
| I-200-26020-573899 | Certified | 1/20/2026 | 1/27/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/18/2026 | 7/17/2029 | 1 | 0 | 0 |
| I-200-26020-573762 | Certified | 1/20/2026 | 1/27/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 6/6/2026 | 6/5/2029 | 1 | 0 | 0 |
| I-200-26020-570718 | Certified | 1/20/2026 | 1/27/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/16/2026 | 7/15/2029 | 1 | 1 | 0 |
| I-200-26016-564653 | Certified | 1/16/2026 | 1/26/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/16/2026 | 7/15/2029 | 1 | 0 | 0 |
| I-200-26015-561337 | Certified | 1/15/2026 | 1/23/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/15/2026 | 7/14/2029 | 1 | 0 | 0 |
| I-200-26015-561299 | Certified | 1/15/2026 | 1/23/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/15/2026 | 7/14/2029 | 1 | 0 | 0 |
| I-200-26015-561230 | Certified | 1/15/2026 | 1/23/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/11/2026 | 7/10/2029 | 1 | 0 | 0 |
| I-200-26015-561268 | Certified | 1/15/2026 | 1/23/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/15/2026 | 7/14/2029 | 1 | 0 | 0 |
| I-200-26015-561277 | Certified | 1/15/2026 | 1/23/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/15/2026 | 7/14/2029 | 1 | 0 | 0 |
| I-200-26014-557473 | Certified | 1/14/2026 | 1/22/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/14/2026 | 7/13/2029 | 1 | 0 | 0 |
| I-200-26014-557481 | Certified | 1/14/2026 | 1/22/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/14/2026 | 7/13/2029 | 1 | 0 | 0 |
| I-200-26013-554083 | Certified | 1/13/2026 | 1/21/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/10/2026 | 7/9/2029 | 1 | 0 | 0 |
| I-200-26013-553999 | Certified | 1/12/2026 | 1/20/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/10/2026 | 7/9/2029 | 1 | 0 | 0 |
| I-200-26013-554033 | Certified | 1/12/2026 | 1/20/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/11/2026 | 7/10/2029 | 1 | 0 | 0 |
| I-200-26012-550680 | Certified | 1/12/2026 | 1/20/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/7/2026 | 7/6/2029 | 1 | 0 | 0 |
| I-200-26009-546648 | Certified | 1/9/2026 | 1/16/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/9/2026 | 7/8/2029 | 1 | 0 | 0 |
| I-200-26009-546547 | Certified | 1/9/2026 | 1/16/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/9/2026 | 7/8/2029 | 1 | 0 | 0 |
| I-200-26009-546706 | Certified | 1/9/2026 | 1/16/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/9/2026 | 7/8/2029 | 1 | 0 | 0 |
| I-200-26008-543281 | Certified | 1/8/2026 | 1/15/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/7/2026 | 7/6/2029 | 1 | 0 | 0 |
| I-200-26008-543195 | Certified | 1/7/2026 | 1/14/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/8/2026 | 7/7/2029 | 1 | 0 | 0 |
| I-200-26007-539834 | Certified | 1/7/2026 | 1/14/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/7/2026 | 7/6/2029 | 1 | 0 | 0 |
| I-200-26008-543179 | Certified | 1/7/2026 | 1/14/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 7/8/2026 | 7/7/2029 | 1 | 0 | 0 |
| I-200-26006-536432 | Certified | 1/6/2026 | 1/13/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 6/30/2026 | 6/29/2029 | 1 | 0 | 0 |
| I-201-26002-527957 | Certified | 1/2/2026 | 1/9/2026 | | H-1B1 Chile | Software Engineer | 15-1252.00 | Software Developers | Y | 6/23/2026 | 6/22/2028 | 1 | 0 | 1 |
| I-202-26002-527950 | Certified | 1/2/2026 | 1/9/2026 | | H-1B1 Singapore | Software Engineer | 15-1252.00 | Software Developers | Y | 6/25/2026 | 6/24/2029 | 1 | 0 | 1 |
| I-200-25364-515463 | Certified | 12/30/2025 | 1/7/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 6/27/2026 | 6/26/2029 | 1 | 0 | 0 |
| I-200-25360-510968 | Certified | 12/25/2025 | 1/2/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 5/25/2026 | 5/24/2029 | 1 | 0 | 0 |
| I-200-25357-504697 | Certified | 12/23/2025 | 1/2/2026 | | H-1B | Software Engineer | 15-1252.00 | Software Developers | Y | 6/18/2026 | 6/17/2029 | 1 | 0 | 0 |

| CHANGE_PREVIOUS_EMPLOYMENT | NEW_CONCURRENT_EMPLOYMENT | CHANGE_EMPLOYER | AMENDED_PETITION | EMPLOYER_NAME | TRADE_NAME_DBA | EMPLOYER_ADDRESS1 |
|---|---|---|---|---|---|---|
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 0 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |
| 1 | 0 | 0 | 0 | Meta Platforms, Inc | | 1 Meta Way |

| EMPLOYER_ADDRESS2 | EMPLOYER_CITY | EMPLOYER_STATE | EMPLOYER_POSTAL_CODE | EMPLOYER_COUNTRY | EMPLOYER_PROVINCE | EMPLOYER_PHONE | EMPLOYER_PHONE_EXT | EMPLOYER_FEIN | NAICS_CODE | EMPLOYER_POC_LAST_NAME | EMPLOYER_POC_FIRST_NAME | EMPLOYER_POC_MIDDLE_NAME |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |
| | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +14085335781 | | 20-1665019 | 519290 | Jafry | Syed | Ali |

| EMPLOYER_POC_JOB_TITLE | EMPLOYER_POC_ADDRESS1 | EMPLOYER_POC_ADDRESS2 | EMPLOYER_POC_CITY | EMPLOYER_POC_STATE | EMPLOYER_POC_POSTAL_CODE | EMPLOYER_POC_COUNTRY | EMPLOYER_POC_PROVINCE | EMPLOYER_POC_PHONE | EMPLOYER_POC_PHONE_EXT |
|---|---|---|---|---|---|---|---|---|---|
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |
| Manager, US Immigration | 1 Meta Way | | Menlo Park | CA | 94025 | UNITED STATES OF AMERICA | | +12065847990 | |

| EMPLOYER_POC_EMAIL | AGENT_REPRESENTING_EMPLOYER | AGENT_ATTORNEY_LAST_NAME | AGENT_ATTORNEY_FIRST_NAME | AGENT_ATTORNEY_MIDDLE_NAME | AGENT_ATTORNEY_ADDRESS1 | AGENT_ATTORNEY_ADDRESS2 | AGENT_ATTORNEY_CITY | AGENT_ATTORNEY_STATE | AGENT_ATTORNEY_POSTAL_CODE | AGENT_ATTORNEY_COUNTRY |
|---|---|---|---|---|---|---|---|---|---|---|
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |
| ajafry@meta.com | Yes | Noce | Gregory | | 555 Montgomery Street | 4th Floor | San Francisco | CA | 94111 | UNITED STATES OF AMERICA |

| AGENT_ATTORNEY_PROVINCE | AGENT_ATTORNEY_PHONE | AGENT_ATTORNEY_PHONE_EXT | AGENT_ATTORNEY_EMAIL_ADDRESS | LAWFIRM_NAME_BUSINESS_NAME | LAWFIRM_BUSINESS_FEIN | STATE_OF_HIGHEST_COURT | NAME_OF_HIGHEST_STATE_COURT | WORKSITE_WORKERS | SECONDARY_ENTITY |
|---|---|---|---|---|---|---|---|---|---|
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |
| | +14159861446 | | metaniv@fragomen.com | Fragomen, Del Rey, Bernsen & Loewy, LLP | 13-2726464 | NY | Supreme Court | 1 | No |

| SECONDARY_ENTITY_BUSINESS_NAME | WORKSITE_ADDRESS1 | WORKSITE_ADDRESS2 | WORKSITE_CITY | WORKSITE_COUNTY | WORKSITE_STATE | WORKSITE_POSTAL_CODE | WAGE_RATE_OF_PAY_FROM | WAGE_RATE_OF_PAY_TO | WAGE_UNIT_OF_PAY |
|---|---|---|---|---|---|---|---|---|---|
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $176,890.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $176,890.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $176,890.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $187,432.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $187,758.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $211,778.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $211,778.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $186,736.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $169,442.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $176,890.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $181,346.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $147,000.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $176,890.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $169,442.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $176,890.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $176,890.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $169,442.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $176,890.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $178,716.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $176,890.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $186,736.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $211,778.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $210,843.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $234,751.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $250,603.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $203,350.00 | | Year |
| | 1288 123rd Avenue NE | | Bellevue | | WA | 98005 | $182,469.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $223,381.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $234,312.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $257,014.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $176,361.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $203,350.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $206,672.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $306,399.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $203,350.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $293,118.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $224,027.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $224,581.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $176,361.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $220,449.75 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $176,793.00 | | Year |
| | 1288 123rd Avenue NE | | Bellevue | | WA | 98005 | $222,706.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $176,361.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $173,040.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $208,831.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $174,978.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $214,408.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $172,902.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $220,000.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $223,379.00 | | Hour |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $221,537.00 | | Year |
| | 1288 123rd Avenue NE | | Bellevue | | WA | 98005 | $220,000.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $178,575.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $208,831.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $174,978.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $255,617.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $203,350.00 | | Year |
| | 1288 123rd Avenue NE | | Bellevue | | WA | 98005 | $203,350.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $203,350.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $206,672.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $211,756.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $203,350.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $172,902.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $176,361.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $203,350.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $169,442.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $203,350.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $169,442.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $207,502.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $170,232.00 | | Year |
| | 1288 123rd Avenue NE | | Bellevue | | WA | 98005 | $217,791.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $169,442.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $223,436.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $230,057.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $227,464.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $169,442.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $176,361.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $203,350.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $207,502.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $211,654.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $211,321.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $207,502.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $203,350.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $175,687.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $222,914.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $211,654.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $217,791.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $174,978.00 | | Year |
| | 1288 123rd Avenue NE | | Bellevue | | WA | 98005 | $270,767.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $178,575.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $207,502.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $174,978.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $169,442.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $235,411.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $217,438.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $306,399.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $185,000.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $170,449.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $203,350.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $181,242.00 | | Year |
| | 1288 123rd Ave NE | | Bellevue | | WA | 98005 | $250,603.00 | | Year |

| PREVAILING_WAGE | PW_UNIT_OF_PAY | PW_TRACKING_NUMBER | PW_WAGE_LEVEL | PW_OES_YEAR | PW_OTHER_SOURCE | PW_OTHER_YEAR | PW_SURVEY_PUBLISHER | PW_SURVEY_NAME | TOTAL_WORKSITE_LOCATIONS | AGREE_TO_LC_STATEMENT | H_1B_DEPENDENT | WILLFUL_VIOLATOR | SUPPORT_H1B |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| $117,749.00 | Year | | I | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $117,749.00 | Year | | I | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $180,710.00 | Year | | III | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $117,749.00 | Year | | I | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $117,749.00 | Year | | I | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $117,749.00 | Year | | I | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $117,749.00 | Year | | I | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $117,749.00 | Year | | I | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $117,749.00 | Year | | I | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $117,749.00 | Year | | I | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $180,710.00 | Year | | III | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $180,710.00 | Year | | III | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $203,430.00 | Year | | | | Survey | 2026 | AON | Radford Global Technology Survey (US) | 2 | Yes | Yes | No | Yes |
| $212,202.00 | Year | | IV | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $212,202.00 | Year | | IV | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $180,710.00 | Year | | III | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $180,710.00 | Year | | III | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $212,202.00 | Year | | IV | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $212,202.00 | Year | | IV | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $212,202.00 | Year | | IV | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $180,710.00 | Year | | III | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $180,710.00 | Year | | III | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $212,202.00 | Year | | IV | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $180,710.00 | Year | | III | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $212,202.00 | Year | | IV | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $212,202.00 | Year | | IV | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $212,202.00 | Year | | IV | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $180,710.00 | Year | | III | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $167,739.00 | Year | | | | Survey | 2025 | AON | Radford Global Technology Survey (US) | 2 | Yes | Yes | No | Yes |
| $212,202.00 | Year | | IV | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $180,710.00 | Year | | III | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $180,710.00 | Year | | III | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $196,914.00 | Year | | IV | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $212,202.00 | Year | | IV | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $212,202.00 | Year | | IV | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $212,202.00 | Year | | IV | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $212,202.00 | Year | | IV | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $180,710.00 | Year | | III | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $183,947.00 | Year | | | | Survey | 2025 | AON | Radford Global Technology Survey | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $180,710.00 | Year | | III | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $180,710.00 | Year | | III | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $180,710.00 | Year | | III | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $180,710.00 | Year | | III | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $180,710.00 | Year | | III | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $212,202.00 | Year | | IV | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $212,202.00 | Year | | IV | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $212,202.00 | Year | | IV | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $212,202.00 | Year | | IV | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $180,710.00 | Year | | III | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $180,710.00 | Year | | III | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $201,388.00 | Year | | | | Survey | 2025 | AON | Radford Global Technology Survey (US) | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $167,739.00 | Year | | | | Survey | 2025 | AON | Radford Global Technology Survey (US) | 2 | Yes | Yes | No | Yes |
| $212,202.00 | Year | | IV | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $180,710.00 | Year | | III | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $212,202.00 | Year | | IV | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $212,202.00 | Year | | IV | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $180,710.00 | Year | | III | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $212,202.00 | Year | | IV | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $212,202.00 | Year | | IV | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $212,202.00 | Year | | IV | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $180,710.00 | Year | | III | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | N/A | N/A | N/A |
| $149,240.00 | Year | | II | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | N/A | N/A | N/A |
| $180,710.00 | Year | | III | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $180,710.00 | Year | | III | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |
| $212,202.00 | Year | | IV | 7/1/2025 - 6/30/2026 | | | | | 2 | Yes | Yes | No | Yes |

| STATUTORY_BASIS | APPENDIX_A_ATTACHED | PUBLIC_DISCLOSURE | PREPARER_LAST_NAME | PREPARER_FIRST_NAME | PREPARER_MIDDLE_INITIAL | PREPARER_BUSINESS_NAME | PREPARER_EMAIL |
|---|---|---|---|---|---|---|---|
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy,LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy,LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy,LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
|  | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
|  | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen & Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |
| $60,000 or higher annual wage | N/A | Disclose Business | Noce | Gregory |  | Fragomen, Del Rey, Bernsen and Loewy, LLP | metaniv@fragomen.com |

# Exhibit I

**Pages 1 - 27**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William H. Orrick, Judge Presiding

DOES 1 THROUGH 26, )
)
Plaintiffs, )
)
VS. ) **NO. 3:26-cv-07122-WHO**
)
META PLATFORMS, INC., )
)
Defendant. )
)

San Francisco, California
Thursday, July 16, 2026

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:

LUMEN LAW CENTER, P.C.
8605 Santa Monica Blvd. - PMB 832031
West Hollywood, California 90069
**BY: ANDREA MANZINGO, ATTORNEY AT LAW**

HOULDING LAW PC
431 Classon Avenue - Suite 1B
Brooklyn, New York 11238
**BY: REBECCA HOULDING, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

Stenographically Reported By:
Kelly Shainline, CSR No. 13476, RPR, CRR
Official Stenographic Reporter

**APPEARANCES: (CONTINUED)**

For Plaintiffs:

WORKPLACE ADVOCATES, P.C.
9431 Haven Avenue - Suite 100
Rancho Cucamonga, California 91730
**BY: BARBARA E. COWAN, ATTORNEY AT LAW**

For Defendant:

ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, California 94105
**BY: ERIN M. CONNELL, ATTORNEY AT LAW**

ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019
**BY: LAUREN M. GOLDSMITH, ATTORNEY AT LAW**

ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall - Suite 3000
Sacramento, California 95814
**BY: DIXIE TAUBER, ATTORNEY AT LAW**

**Thursday - July 16, 2026** **9:56 a.m.**

**P R O C E E D I N G S**

---000---

**THE CLERK:** This is Case Number 26-7122, Doe vs. Meta.

Counsel, if you would please state your appearance for the record.

**MS. MAZINGO:** Yes. Good morning, Your Honor. Andi Mazingo, counsel for plaintiffs.

**MS. HOULDING:** Good morning. Rebecca Houlding, Houlding Law, also for plaintiffs.

**MS. COWAN:** Good morning. Barbara Cowan also for plaintiffs from Workplace Advocates.

**MS. CONNELL:** Good morning, Your Honor. Erin Connell at Orrick Herrington & Sutcliffe on behalf of defendant Meta.

**MS. TAUBER:** Good morning, Your Honor. Lauren Tauber also from Orrick Herrington on behalf of Meta.

**MS. GOLDSMITH:** And Lauren Goldsmith also from Orrick on behalf of Meta.

**THE COURT:** Great. Good morning to everybody.

The way that I want to conduct this hearing, first, I want to confirm my understanding of what Meta's representations are. And, Ms. Connell, I'm looking for one-word answers, basically, to questions that I ask you just to be sure that I'm understanding things.

And then I'm going to turn to the plaintiffs and let them

argue about the response that Meta's made, and then I'll let you answer in more than one word anything that you would like to say, Ms. Connell.

So let me just -- let me proceed first just with respect to the merits, and this is really questions that I had from the Doan declaration. Did AI-token usage and AI-adoption metrics play any role in the development of prior performance ratings or promotion history?

**MS. CONNELL:** Can you repeat the question one time, please, Your Honor.

**THE COURT:** Sure.

**MS. CONNELL:** I just want to make sure I understand it.

**THE COURT:** Yes.

So did the AI-token usage or -- and AI-adoption metrics play any role in the development of prior performance ratings or promotion history?

**MS. CONNELL:** No.

**THE COURT:** Okay. Same question with respect to the failure to train the "second brain" AI agents. Did that play any role in the development of prior performance ratings or promotion history?

**MS. CONNELL:** No.

**THE COURT:** Okay. And my understanding is that Meta is representing that AI was not used in any way in the

selection process for the RIF; is that correct?

**MS. CONNELL:** Correct.

**THE COURT:** And that the selection decisions were made by human beings on documented neutral criteria?

**MS. CONNELL:** Correct.

**THE COURT:** And that the leave and accommodation status of employees was not used as a negative factor in consideration of selection for the RIF?

**MS. CONNELL:** Correct.

**THE COURT:** All right. Now I want to go to irreparable harm.

My understanding is that Meta's representing that every form of relief that the plaintiff is seeking from me, including injunctive relief, is available in the arbitration.

**MS. CONNELL:** Correct.

**THE COURT:** That includes reinstatement, reservation of compensation, continuation of benefits, maintenance of equity vesting, and leave status; is that right?

**MS. CONNELL:** It is available, correct.

**THE COURT:** Is available if the claims are meritorious?

**MS. CONNELL:** Correct.

**THE COURT:** And that would include RSV -- RSUs that vest -- that would be vesting prior to the conclusion of the arbitration. If the plaintiffs were successful, they'd be

provided with RSUs with the value that they would have had at the time of vesting; correct?

**MS. CONNELL:** Available, correct. I mean --

**THE COURT:** Available. They have to prevail, but I want to make sure that the -- that they would be fully compensated for the RSUs if it turns out that they're right and Meta's wrong.

**MS. CONNELL:** They would be -- it would be -- compensation for the RSUs would be available, correct. Available.

**THE COURT:** What is the -- what's the distinction you're making? I'm a little confused.

**MS. CONNELL:** The distinction that I'm making is that even if they prevail, those remedies are available but they would have to also convince an arbitrator that money, monetary relief, would not make them whole, that some kind of injunctive relief was appropriate.

So it's not they would prevail and then the arbitrator would determine what is the appropriate relief, but --

**THE COURT:** Okay. So I'm understanding you.

But -- and that could include, is what you're saying, the amount of RSUs that would be comparable to the amount that they would have received if they received the one they were originally scheduled to vest?

**MS. CONNELL:** Available, correct.

**THE COURT:** And I'll say one -- it does strike me that there is one harm, and I don't need to have you answer it now, but I am -- I will be interested in what your answer is later on, that would not be addressed, which is the loss of work authorizations for the four people who've been identified. And so that's an issue that I'll let you address later.

**MS. CONNELL:** Thank you, Your Honor. I'm ready to address that issue.

**THE COURT:** Okay. So let me go to the plaintiffs now, and I'm interested in your response to -- on all those issues that Meta has raised.

**MS. MAZINGO:** Yes. Thank you, Your Honor.

I want to start with what this motion does not ask for. We're not asking the Court to stop Meta's RIF. The proposed order let's the RIF proceed for all but the 26 plaintiffs. We only ask that the status quo hold. Not that the plaintiffs are reinstated to their positions, indeed, many of them are actively on leave; but instead that no plaintiff's separation be finalized and no compensation, benefits, equity vesting, or leave status be altered from what existed before May 2020 as pending resolution of their claims in arbitration, which is where we filed demands on Monday, relief under the carve-out that Meta itself drafted.

The facts briefly, on May 20th Meta notified about 10 percent of their workforce in their inclusion in the

layoffs. Our clients among them. Per Meta, this was a comprehensive organizational transformation; i.e., centralized.

All 26 plaintiffs took, sought, or were approved for protected medical, pregnancy, or family leave, attempted to take protected leave and suffered interference, or requested a disability accommodation in the two years prior to the layoff.

The sworn record shows how they were selected, which is leadership judgment aided by internal AI systems. AI drafted reviews via Metamate, continuous monitoring data, and dashboards measuring AI tool usage that leadership routinely monitored and supervised. Metrics that an employee on leave cannot generate and that Meta never neutralized relief.

Conspicuously absent from Meta's opposition papers is any affirmative statement that Meta neutralized relief.

**THE COURT:** That Meta neutralized what?

**MS. MAZINGO:** Neutralized its metrics, its inputs for leave. I do understand Erin just gave a representation, but none of Meta's declarants address this and ours affirm the contrary. Among them is a director-level plaintiff who monitored his own direct reports attesting the dashboards failed to distinguish leave from lack of engagement.

Meta claims there was no AI-assisted scoring but does not make any statement on whether AI adoption comprised some aspect of an employee's performance ratings or managerial sponsorship. And, again, I understand Erin is affirming to the contrary

today in court, but I don't see that on the sworn declarations.

Meta says leadership was told to use approved criteria excluding leave but, of course, its written instructions, of course, didn't explicitly endorse leave retaliation and interference. Our clients are living proof of the contrary.

Numerous plaintiffs were selected while actively on leave, one two days before giving birth, often with unbroken positive histories or performance blips that occurred only after they applied for leave or asked for an accommodation. At times their manager explicitly referencing the leave taking in down ranking them.

And, by the way, we've received extensive outreach from additional 520 impacted employees who feel they're in the same boat.

The law that's applicable here predates AI by decades. Under *Bachelder* and the FMLA's negative-factor rule, protected leave may not enter the calculus at all whoever or whatever does the calculating. The CFRA is the same and to the extent this really was a centralized process, that would apply to all the plaintiffs, and every plaintiff outside of California is protected by their own state's laws at least as protective as the federal.

*Walker*, *Cutcher*, and *Pagel* applied the negative factor rule, the human RIF processes built on metrics that weren't neutralized for leave. So the question isn't whether Meta made

a business decision or whether its employees were at will or whether Meta used AI. It's whether Meta's metrics failed to control for leave, a claim that we consider to be unrebutted based on the sworn declarations.

And that is a question for the merits in arbitration when --

**THE COURT:** When you say that it's unrebutted by the sworn declarations, would you be specific with respect to the declaration that -- or declarations that you think justify what you just said?

**MS. MAZINGO:** Yes. Yes, Your Honor.

So the Doan declaration. Let me pull it up.

**THE COURT:** I'm interested in the affirmative -- you were making an affirmative -- I'm familiar with the Doan declaration. I'm interested in ones that are -- would contradict it.

**MS. MAZINGO:** Well, okay. So what I'm saying is that the declaration we didn't see an affirmative representation that there was a process in the selection process whereby the metrics were neutralized for leave.

**THE COURT:** Okay. And the unrebutted declaration or declarations that you're referring to, are you just referring to all 26, the suspicions of your clients, or was there a specific declaration that showed some knowledge besides their suspicions?

**MS. MAZINGO:** Yes, Your Honor. There are numerous declarations that attest to different aspects of how our clients believe AI played a role in the decision-making process, particularly the director's declaration, but --

**THE COURT:** Which Doe number was he?

**MS. MAZINGO:** Let me check.

(Pause in proceedings.)

**MS. MAZINGO:** Doe 18.

**THE COURT:** Okay.

**MS. MAZINGO:** May I proceed, Your Honor?

**THE COURT:** Yes. Please go ahead.

**MS. MAZINGO:** Okay. So today what the question is whether anything irreversible should happen before we conduct more extensive discovery.

The urgency is July 22nd, next Wednesday. Every plaintiff is an employee this morning. Meta's 520 notification letters previewed future separation dates. If the separation is finalized, the harms are ones that no arbitral award can undo.

The employer-subsidized health coverage lost mid-treatment, mid-pregnancy, or postpartum with unsubsidized COBRA being prohibitively expensive for some, the time-bound statutory leave rights extinguished, and this is about baby-bonding time, recovery time, treatment time not money, and like Your Honor mentioned for several plaintiffs, a 60-day immigration clock on their lawful presence, a harm which Meta

ignores in their opposition.

**THE COURT:** Let me ask you about COBRA. Many of these people, I didn't look for all of them, but many of them appear to have been very highly compensated, maybe even compensated more than a federal district judge, and so for COBRA purposes, since everybody is entitled to COBRA, tell me why your clients wouldn't be able to obtain COBRA and then at the end of the arbitration if they're successful get repaid -- get reimbursed for it.

**MS. MAZINGO:** Yes, Your Honor. So I don't have direct knowledge of what the COBRA premiums unsubsidized will be at this moment for the impacted plaintiffs because we haven't received notices yet; but on information and belief, for someone with family members who are also covered under their policy, it could be a few thousand dollars a month out of pocket, which is significant for a plaintiff who might also be, you know, paying a mortgage and has other obligations and just lost their employment income.

Because the relief we're requesting preserves rather than commands, it's prohibitory. So the ordinary *Winter* standards or *Cottrell* serious questions with the hardships tipping sharply are both met.

A July 2nd, 2026, Central District of California case on remand, *Whitfield*, enjoined a noticed but not final determination with loss of income and benefits and healthcare

as irreparable harm under a prohibitory injunction. The Ninth Circuit had told the district court the prohibitory standard governs and, quote [as read]:

"The status quo means the last uncontested status which preceded the pending controversy."

And of note, the employee in that case had also stopped working.

So, finally, none of this comes as a surprise to Meta. We first informed Meta's counsel of the motion on June 1st, identified plaintiffs by name as they joined, and served substantially similar papers unredacted on July 3rd and conformed copies on the night of filing.

So the ask is simple: A TRO holding these 26 employment relationships in place through the preliminary injunction hearing and on the PI, an order preserving the status quo while an independent audit is conducted and their claims resolved in arbitration. If Meta needs more time for briefing, we don't object so long as the status quo holds while the clock ticks.

Thank you, Your Honor.

**THE COURT:** All right. So let me just ask you going back to the relief that you're entitled to in the arbitrations. First, I assume that nothing -- the arbitrations haven't commenced for anybody; is that correct?

**MS. MAZINGO:** Arbitrate -- yeah. The panels haven't been assigned yet. We don't have arbitrators selected yet.

**THE COURT:** Okay. But is that process moving forward?

**MS. MAZINGO:** Yes. We've made the demands, so that's -- that's basically what's happened so far, and served them upon opposing counsel.

**THE COURT:** And do you agree that the arbitrators have equitable powers under the AAA rules that they can -- that you could get a preliminary injunction from the arbitrator, which could potentially include reinstatement I suppose?

**MS. MAZINGO:** Well, I mean, before next week, it doesn't seem likely. The AAA hasn't engaged with our demands at all and so, you know, numerous categories of harm are going to effectuate next Wednesday. So to us, it doesn't seem at all realistic to expect relief from AAA.

**THE COURT:** And with respect to the final relief that you would be entitled to if you prevail in the arbitration, do you agree that those are -- the ones that I ticked off to Ms. Connell are -- will be available to you in the arbitration?

**MS. MAZINGO:** No. I disagree. So the equity vesting, for example, Meta will argue has been forfeited. The immigration status, I mean, by the time arbitration occurs, some of our clients probably won't be in the country.

**THE COURT:** Yeah, but besides the immigration status.

**MS. MAZINGO:** And then with respect to this -- the time-bound leave rights, I mean, our clients will -- when they should be bonding with their babies and recovering from

illnesses, they suddenly have, you know, a duty to mitigate damages looking for reemployment. So, no, I certainly don't agree.

**THE COURT:** All right. Ms. Connell.

**MS. CONNELL:** Thank you, Your Honor.

I want to address some of the points that Ms. Mazingo just made. First, the record is very clear. There is no evidence that AI was used as a criteria to make selection decisions in this reduction in force. It wasn't.

And there's no evidence that AI was used in making actual performance determinations. There's no evidence of that. There just isn't. That's not what -- the declaration of Doe 18, that's not what it says. There's just no evidence of that.

If you read their complaint, if you read the first several pages of their TRO application, it's all on information and belief and there's just no evidence cited.

So I want to make abundantly clear that all of the allegations about AI being used, it's on speculation and belief at best. There's no evidence of that.

With regard to the -- the notion of leave takers -- or the metrics not being neutralized for leave, I think that was the way Ms. Mazingo phrased it, leave takers, they're still at-will employees and they are not immunized from a lawful reduction in force.

The criteria that was used to make selection determinations is not -- those aren't metrics that need to be neutralized. The point is, is that leave wasn't taken into account; and under the claims that they brought, they would have an affirmative obligation to show that their leave somehow was unlawfully considered in making the selection decision.

And the declarations that have been put forward truly are based on speculation, suspicion, conjecture. They're not based on personal knowledge. The plaintiffs in this case were not involved in the RIF selection decision, so they don't actually have personal knowledge of how those determinations were made; but on the flip side, the declarations that Meta has submitted of Linh Doan and Bryan Sharkey make clear how the RIF was carried out with regard to leave takers and they make clear that AI was not used.

**THE COURT:** So, Ms. Connell, let me just stop you to put a pin in one of the seven criteria, or however many there were that were used. The one that I understand the plaintiffs to think AI had some role in was the performance reviews -- the way that the performance reviews had been done previously and that some use of AI was used in the development of those ratings, and that those ratings then played a role in the determination of the risk because of the -- they would have been maybe not always meeting standards, but you're denying that?

**MS. CONNELL:** Correct.

**THE COURT:** You're saying that Meta does not do that with respect to the development of its performance reviews?

**MS. CONNELL:** Correct. What I heard Ms. Mazingo say is that AI was used in, like, the writing of the review, but the AI was not used to generate the rating, if that's what I'm understanding your question to be, that is true.

**THE COURT:** Okay.

**MS. CONNELL:** That did not happen.

And certainly the MCI that is discussed in some detail, that was not used at all in RIF selection. So I want to make that abundantly clear.

You know, we -- on irreparable harm, the cases that we cite in our papers make clear that the end of at-will employment is not deemed to be irreparable harm.

As Your Honor already noted, the main thing that we hear them complaining about is this purported loss of health insurance. They're not going to lose their health insurance. They would lose employer-subsidized health insurance, and Ms. Mazingo estimated that would be a few thousand dollars a month. That is clearly remedial through money damages. That's not irreparable harm, a few thousand dollars a month for these very highly paid individuals. So the notion that they're going to lose health insurance is just wrong. That's not what's at stake here.

And with regard to RSU vesting, again, it's money. You can -- Your Honor can see in the declarations. And it's not a small amount of money. As we discussed during the last hearing and as Bryan Sharkey makes clear in his declaration, even just one month, if we extend the employment of these individuals, it's $2.3 million and it's another $600,000 for salary and benefits. These are at-will employees. There's nothing remarkable about this situation.

Unfortunately, restructurings like this are happening all over the Bay Area right now and employees are not coming forward seeking emergency relief in this way.

You also heard Ms. Mazingo say that they've gotten outreach from others. So in thinking about one of the factors, is this in the public interest or, you know, what are the broader ramifications of granting this injunctive relief, this type of emergency relief, Meta has a lawful right to use its business judgment and to restructure its workforce.

And these individuals signed binding arbitration agreements, and sending the message that if an employer engages in lawful business restructurings, that that's going to be overridden by a Court simply because at-will employees have asked for injunctive relief until they can have their claims heard in arbitration really has things backwards and turns everything on its head.

**THE COURT:** Okay. Okay. All right. Ms. Connell,

thank you. I don't -- I've heard you say this --

**MS. CONNELL:** Okay.

**THE COURT:** -- and I appreciate that, but let's come back to the issues that are here.

I'm interested in your response to the -- on the immigration front.

**MS. CONNELL:** Sure. I mean, the showing that's been made here is speculative at best. There is -- the required showing, there has to be clear evidence of a likelihood of irreparable harm not speculation, and they haven't made that showing whatsoever. They've included a few paragraphs that they might lose visa sponsorship; but the way that visa's work, they could find other employment, they could get a grace period. There's just not been a showing that these individuals are on the brink of deportation. That hasn't been shown.

And, again, what they bargained for was at-will employment and there's no -- these are temporary visas, but they have not made any showing that they're likely to be deported if they don't receive an injunction preventing Meta from ending their employment.

Moreover, if they really think that that's true, then the proper forum to try to seek that relief is in AAA arbitration; and all of these individuals, as Ms. Mazingo acknowledged, already have filed for arbitration.

So we disagree that the hand full of individuals who have

raised work authorization issues meet the standard for a clear showing of likely irreparable harm and they certainly haven't done so for the entire block of employees. So that's our position on work authorization.

**THE COURT:** Okay. Is there anything else that you wanted to add besides telling me more about the importance of being able to let at-will employees go?

**MS. CONNELL:** Sure. I did want to also address this notion of a mandatory and affirmative injunction because that is what the plaintiffs are seeking.

As Ms. Mazingo acknowledged, these termination decisions were made months ago. They already were made. And the RIF was announced in April, the selection decisions were announced in May, and system access was cut off and they are not working. They are not actively working. They're still employed in order to comply with WARN; but asking Meta to reinstate them to the positions they had before May 20th, that's what the papers say. That's exactly what they say. They cite case law that says you go back in time to -- you know, they say the unlawful act here was the decision to include them in the RIF, and those positions are gone. They don't exist anymore.

So asking Meta to have them continue in their positions, that's not available to them and the declaration of Bryan Sharkey makes that very clear.

If what they're asking is that they be permitted to

continue, I don't know what they're doing with their time, they're not performing any services for Meta, but at their current rate of pay and to allow equity to keep vesting, I mean, that's quite extraordinary. They don't cite any case that's ever done that, and that too is affirmative relief.

**THE COURT:** So Ms. Mazingo I think cited the *Whitfield* case. Are you familiar with that case and do you have a response to her argument there?

**MS. CONNELL:** I don't think -- I'm not prepared to address the *Whitfield* case, but I don't believe that it authorizes what they are seeking here. I mean, our research on these issues were thorough and we found no court that has enjoined an employer in the way that they are asking you to enjoin Meta in this case.

**THE COURT:** Okay. Ms. Mazingo, do you want to respond to that?

**MS. MAZINGO:** I mean, yes, Your Honor.

*Whitfield* was very recently decided just a couple weeks back, so perhaps that's the problem here.

But does Your Honor have specific questions you'd like me to respond to?

**THE COURT:** I'm interested in -- I'm giving you the last word before I -- I've got a notion, but if you wanted to say anything in rebuttal, please say it now.

**MS. MAZINGO:** Yes, Your Honor.

I think the main point that we'd like to highlight is that the denials here that Meta is giving are -- at least in the declarations, have been very carefully crafted to deny some of the -- some of what we're alleging but not all of it.

So the declaration by Doan, who's a HR business enablement partner, she's -- she is attesting based on her review of Meta's documentation, so she wasn't actively necessarily involved in the decision-making, and she attests things like no AI-assisted scoring or ranking related to performance when we're saying that it was AI that helped draft the narrative performance reviews.

She says, "AI-token usage dashboards and an AI-adoption metrics were not selection criteria." We're saying AI-token usage dashboards and AI-adoption metrics informed leadership sponsorship.

She says selection was on neutral criteria and there was permissible criteria given to leadership. We're saying, yes, of course, in writing there's permissible criteria used but that doesn't provide -- that doesn't negate the argument that leadership could have considered the dashboards and factors, such as leave, in determining who to select for termination.

So -- so plaintiffs are -- you know, are seeking the temporary restraining order today, and I think especially where we have cases that opposing counsel hasn't had the opportunity to review and give their -- give their argumentation on, it

makes sense to have additional briefing on the schedule that Your Honor proposed at the status conference earlier this week.

Thank you, Your Honor.

**THE COURT:** All right.

**MS. COWAN:** Your Honor, I'm sorry. May I provide some specific declaration citations to your question --

**THE COURT:** Okay.

**MS. COWAN:** -- at the outset of the hearing?

**THE COURT:** Yeah.

**MS. COWAN:** Thank you, Your Honor.

With respect to the Doan declaration, in paragraph 5 and paragraph 11 she states, "No AI-assisted scoring or ranking was related to performance." Doe 13 in paragraphs 11 and 14 and Doe 18 in paragraphs 19 and 20 specifically provided that Meta leadership -- and, again, Doe 18 is the director -- state that Meta leadership used AI to draft performance reviews and there was no calibration process for this RIF to neutralize for protected leave. Ms. Doan also doesn't say in her declaration whether there was any neutralization.

Doe 22 and Doe 25, Doe 22 at paragraphs 3 and 10 and Doe 25 at paragraphs 13 and 14 attest that the employee score on Meta's AI-usage metrics were declined during periods when the employee was on leave or otherwise out of the office. Doan paragraph 15 is -- she was saying that token usage were not and AI-adoption metrics were not selection criteria. That is

rebutted by Doe 18, Doe 22, Doe 25, which all -- and Doe 3 and Doe 10, which all -- and those are in paragraphs -- Doe 22 is paragraphs 3 and 10; Doe 25, paragraphs 13 and 14.

Doan paragraphs 4 and 6 and 11 are rebutted by Doe 6, Doe 16, Doe 2, and Doe 13.

Doan paragraph 14 is rebutted with -- or excuse me -- Doan paragraph 14, the timing argument, which is an argument not part of the declaration, they -- is -- I think the dates are contestable.

And with respect to the performance issues and the statement by Ms. Connell or the answer to Your Honor's question that performance was not -- or AI was not used in performance, I would point out that Meta itself has admitted that it was, in both an internal memo and in public statements to the press dating back to November of 2025, that they were using AI in the performance -- in the performance review process and in the performance ranking process, and those internal memos came from the highest levels of Meta's leadership.

And with respect to the irreparable harm, as *Chalk* says, time is the sacred component. Time is not given back. There's no do-over for bonding with a new baby or giving birth or having active medical treatment because those -- your medical treatment doesn't wait until it's convenient. The time is what *Chalk* said was what was irretrievably lost and that's why relief was appropriate.

But thank you. I just wanted to point out those -- the rebuttals to the Doan declaration that are before the Court.

**MS. CONNELL:** May I briefly respond, Your Honor?

**THE COURT:** Go ahead.

**MS. CONNELL:** I just -- I want to say that, you know, again, none of these declarants were involved in the RIF criteria, and the question here really is not whether AI was used at Meta in some way writ large. There's no evidence in the case that AI was used to determine who was included in the RIF, and so I don't agree -- we don't agree that any of the declarants, quote/unquote, "rebut" what is contained in the Doan declaration.

Ms. Cowan also referenced the *Chalk* case, which is nothing like this case and that case involved a teacher who had AIDS and had been prohibited from teaching deaf children. It's apples and oranges. It's nothing like this case at all.

**THE COURT:** Okay.

All right. So with respect to the TRO, I'm going to look at this and I'll go back to the declarations when we get off. At the moment it is -- with the exception of the people who are in trouble with respect to work authorization status, the injuries are obviously real to the plaintiffs, but I don't -- I don't think it's irreparable in the way that the law requires it to be, but I'm going to take a look at that when I get off.

What I'm thinking is that I also have the preliminary

injunction motion that is in front of me, and what I -- I would like to dig in -- the plaintiffs, understandably, don't have the evidence to rebut what Meta says it has done with the -- with respect to the RIF, and that's -- that's going to be developed in the arbitration.

I don't have information on -- with the specifics of the 26 people in front of me of exactly how Meta dealt with each one of them, but I think I can ask and require that with respect to the four people, which are Does 4, 9, 15, and 26, that Meta, maybe Ms. Doan is the person -- I don't know who the person is -- explain specifically why those people -- how those people ended up on the RIF list.

And what I'm thinking is that Meta should provide that declaration in a week, by July 23rd; and that with just focused on those four people, the plaintiffs could respond with whatever information they have by August 6th.

I'm thinking with respect to the preliminary injunction motion, that the defendant can file a further opposition to it by August 10th and the plaintiffs can reply by August 17th, and I'll have a hearing on August 24th at 10:00 o'clock.

I'm not inclined to think -- well, I don't know what -- whether I'm going to provide any further relief with respect to the TRO, but I will decide that within 24 hours.

So let me ask -- first, I'll ask the plaintiffs. Is -- what I just laid out for the further scheduling, was that clear

to you?

**MS. MAZINGO:** Yes, Your Honor.

**THE COURT:** Okay. And, Ms. Connell, was it clear to you?

**MS. CONNELL:** Yes, Your Honor.

**THE COURT:** Okay.

All right. I think that's all we can do at the moment. I will get something out as quickly as I can, and then we'll proceed in general in the way that I described. Thank you.

**MS. CONNELL:** Thank you, Your Honor.

**MS. MAZINGO:** Thank you, Your Honor.

(Proceedings adjourned at 10:38 a.m.)

---oOo---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Wednesday, July 22, 2026

Kelly Shainline, CSR No. 13476, RPR, CRR
U.S. Court Reporter